JOSEPH VIERRA *v.* GULSTAN F. ROPERT, Bishop of Panopolis, V.A., and EMIL WERY.

MOTION.

SUBMITTED JUNE 24, 1896.                    DECIDED JULY 9, 1896.

JUDD, C.J., FREAR AND WHITING, JJ.

Following *Kenway v. Notley*, 5 Haw. 123, the Court declined to allow a re-argument.

OPINION OF THE COURT BY WHITING, J.

This cause was heard on appeal at the March term, 1896, of the Supreme Court, and a decision filed affirming the decision of the Circuit Judge in favor of defendants.   Now at this June term the plaintiff moves for re-argument for the following reasons:

First—That the order of judgment was improvidently granted under a mistake and misapprehension as to the facts of the case apparent in the record.

Second—That the fraud and imposition practiced upon the plaintiff and appellant by the respondents in this case, as appears of record, have been overlooked by the court in the consideration of the case.

Third—That the decision as rendered does not afford the relief which the facts in the case warrant as appears from the face of the record.

Fourth—That courts of equity having a more perfect means of doing complete justice, and having assumed jurisdiction and heard this cause as in equity, the record shows that this court has

applied the technical rules of law to a contract and the circumstances surrounding it which should only have been considered by the liberal rules of equity in the spirit of justice.

Fifth—That the many fraudulent acts, omissions and silence of the respondents as appears of record in the above entitled cause renders the decision as announced by the court distinctly against equity and good conscience, and not supported by the facts in the record.

Sixth—That the court omitted to consider the allegations of fraud and estoppel raised in the case as appears by the record.

Seventh—That the "seven promises, oral and written, made at different times during a long period of years, and varying in their terms," referred to in the decisions of the Supreme Court, should have been construed together, as they were so blended and interwoven that they became but the aliquot parts of one general transaction, having in view but one price of land and all the same parties and the Wery lease, became the confluent from which the value of the land was established, as appears on the face of the record in the cause, to which should have been added the mendacious fraud which estops the respondents from taking advantage of their own wrong. On June 1st, 1895, the lease should have been made to Joseph Vierra, instead of Wery, at $50 per month, and the failure of this court to pass upon the question of fraud, estoppel, part performance and deceit, all of which are abundantly set out in the record, leaves the questions properly raised by the record unsettled and the case without a decision that is of any value.

Eighth—That in view of the seven objections assigned in this motion for a stay of proceedings and for a re-argument of the above entitled cause, it is manifest that error hath happened to the great damage of the said plaintiff and appellant, as by the decision of this court appears.

Wherefore, the plaintiff and appellant respectfully prays this court that the remittitur may be recalled and that all the proceedings in the case in the Fourth Circuit Court be ordered stayed, and that the cause may be placed upon the calendar for

re-argument. That error, if any hath been, shall be duly corrected, and full and speedy justice done to the parties aforesaid in this behalf.

The rule as to granting a rehearing adopted by this court is as follows:

"In general, except where a decision is in conflict with an express statute or with a controlling decision to which the attention of the court was not drawn, a motion for re-argument should be founded on papers showing clearly that some question decisive of the case, and duly submitted by counsel has been overlooked by the Court."

*Wundenberg v. Campbell*, 9 Haw. 211.

*Ung Wo Sang Co. v. Alo.*, 7 Haw. 306.

*Kenway v. Notley*, 5 Haw. 123.

At the hearing of the motion for re-argument, the Court requested counsel to specify particularly the point or points he relied upon to bring the case within the foregoing rule and a review be had. Counsel for plaintiff stated that he relied upon part performance; that permanent improvements had been made upon the premises in pursuance of the contracts and oral promises made.

This exact question we have fully considered in our decision, and we reiterate that in relieving a party who relies upon part performance of an oral agreement, such oral agreement must be distinctly proved, and that the acts of part performance were made in reliance upon and in pursuance of such agreement. The plaintiff did not so prove, as we have heretofore decided.

All the matters set forth in the motion were fully considered by this court before rendering its decision, and in its opinion all matters and points raised, that were vital and decisive of the cause, were commented upon by the court, and in its given opinion this court found that no contract was proven which a court of equity could specifically enforce, and also that the plaintiff had not made any permanent improvements in pursuance of any alleged contract which would entitle him to any relief in this cause.

The points set forth in the decision are decisive of the cause in equity, and we are now of opinion that there is no good ground for granting a re-argument.

Each and all of the eight reasons for a re-argument, set forth in plaintiff's motion, are general and contain no new points which can affect the results arrived at in the decision rendered, which sets forth clearly, in our view of the cause, good and sound grounds absolutely decisive of the merits of plaintiff's claim, and, such being the case, this court need proceed no further in expressing its views upon questions raised and argued so fully as all grounds of the motion were at the hearing of the merits of the cause before us, and which, as before stated, would not alter or affect the result.

A re-hearing is denied.

*G. F. Little*, for plaintiff.

*F. M. Wakefield* and *P. Neumann*, for defendants.