*J. A. Magoon* and *W. S. Edings* for the petitioner.

---

## MARIA K. HARBOTTLE and WILLIAM HARBOTTLE, her husband *v.* T. W. RAWLINS.

### MOTION FOR RE-HEARING.

SUBMITTED OCTOBER 6, 1897.     DECIDED OCTOBER 26, 1897.

FREAR AND WHITING, JJ., AND CIRCUIT JUDGE CARTER, IN PLACE OF JUDD, C.J., ABSENT.

Following *Vierra v. Ropert*, 10 Haw. 343, the Court declines to allow a re-hearing.

#### OPINION OF THE COURT BY FREAR, J.

This case was decided the 20th July last, *ante* 105. On the 28th the principal complainant filed a motion for a re-hearing without setting forth any grounds therefor. On October 5, the

day the motion was reached on the calendar, she filed specifications of grounds as follows:

"The undisputed testimony given in said cause shows—

First, that R. N. Boyd was acting in a fiduciary capacity for the grantee and that he was also the paid agent of the grantee.

Second, that the grantors flatly and persistently refused to sign the deed when they learned that the Hamakua land was included.

Third, that plaintiff had no independent advice.

Fourth, that the consideration for the sale was grossly disproportionate to the value of the property.

Fifth, that the contract was of such an improvident nature that no person of sound mind could have entered into it, hence the certainty that it could not have been understood by the plaintiff.

Sixth, that to all appearances when the deed was signed plaintiff would not have signed if she had had independent advice or time for consideration.

Seventh, that though R. N. Boyd who was acting as the agent of plaintiff and knew that plaintiff was under the impression that Magoon was foreclosing the mortgage on the land in question never investigated the matter or attempted to put plaintiff in the way of ascertaining the truth.

Eighth, that it was not till after repeated urging and threats of Boyd that she consented to sign.

Ninth, that defendant was not acting in good faith in that he states he would not give twelve hundred dollars for a land which was worth twenty-five hundred dollars and yet he states that he would not sell the land for any price.

Tenth, that the whole transaction when taken together from the admissions of defendant and his witnesses, and what a clear preponderance of the evidence shows, appears inequitable and unjust and should be frowned down.

Eleventh, that upon the uncontroverted facts the decision is entirely unsupported by authority."

This Court has repeatedly stated in what cases, in general,

re-hearings will be granted and at the hearing on this motion the Court asked counsel upon which of the recognized grounds for a re-hearing they relied. Counsel did not pretend that the case came within the rules hitherto followed but claimed a right to a re-hearing substantially upon the ground that the Court had come to a wrong conclusion at the first hearing; and an examination of the grounds set forth in the specifications above set forth and a comparison of those grounds with the points covered in the former decision will show that the Court is now asked practically to go over the whole case again. Great latitude was allowed counsel in argument upon this motion. Indeed, the whole case was argued on the motion not only as fully as it should have been on a re-hearing but even more fully than it was argued at the first hearing. This was permitted because of special circumstances and with the consent of opposing counsel subject however to be preservation of his right to insist that the motion should not be allowed. In our opinion no sufficient ground for a re-hearing has been shown. The circumstances are very similar to those in *Vierra v. Ropert,* 10 Haw. 343, in which a re-hearing was refused. All the grounds now urged upon the Court were carefully considered at the first hearing. The decision is not shown to be in conflict with any statute or with any controlling former decision to which the attention of the Court was not drawn, nor has it been shown that any point duly submitted by counsel was overlooked by the Court, or that the decision was based upon any point not raised or argued by counsel. Whether or not these are the only cases in which a re-hearing will be granted under any circumstances, certainly a re-hearing should not be granted merely that counsel may present a case again substantially as at the first hearing in the hope that the Court may be induced to come to a different conclusion. This Court is and always has been ready, as its records show, to reverse its own decisions in proper cases. In this case notwithstanding the full argument that has been made we see no error in the former decision. But we base the present decision, not upon the ground that the former decision was correct as if

14

a re-hearing had been had, but upon the ground that a proper case for a re-hearing has not been made out.

.The motion for a re-hearing is overruled.

.Magoon & Edings for complainants,

.A. G. M. Robertson, for defendant.