## IN THE MATTER OF THE WILL OF CHARLES NOT-
## LEY, Deceased.

### MOTION FOR REHEARING.

SUBMITTED MAY 16, 1904.                    DECIDED JUNE 3, 1904.

FREAR, C.J., GALBRAITH AND PERRY, JJ.

A rehearing should not be granted merely in order that the entire case
may be presented again as at the first hearing in the hope that the
court may be induced to come to a different conclusion.

OPINION OF THE COURT BY FREAR, C.J.

(Galbraith, J., dissenting.)

The court having held, *ante,* p. 435, that the trial judge did
not err in directing a verdict for the proponents of a will and
codicils, on the ground that there was no evidence upon which
the jury could properly find for the contestants on the issue of
undue influence, the contestants now move for a rehearing upon
the following grounds:

1. That the decision is in conflict with an express statute to
which the attention of the court was not drawn and which was
overlooked by the court. The statute relied on is C.L., Sec.
1355, which provides, among other things, that juries shall be
exclusive judges of the facts and that the trial judge shall not
comment on the evidence. This statute was called to the atten-
tion of the court in contestants' brief, it was not overlooked by
the court, and the decision is not in conflict with it. It does not
prevent the trial judge from directing a verdict when there are

no facts shown upon which the jury could properly base a verdict, and the provision as to commenting on the evidence, if it is constitutional (see *Capital Traction Co. v. Hof,* 174 U. S. 1), does not prohibit the direction of a verdict in a proper case.

2. That the decision is in conflict with controlling decisions of this court, to which the attention of the court was not particularly drawn and which were overlooked by the court. The decisions relied on are those which hold in substance that a case should not be withheld from the jury if there is any substantial evidence upon which a verdict could properly be based. Several of these cases were called to the attention of the court in the contestants' brief, they were not overlooked by the court, and the decision is not in conflict with them. The court could not have more clearly shown that it recognized the principle contended for than it did by its language, at page 438, in the decision. To hold that a case may properly be taken from the jury when there is no evidence is not in conflict with the view that a case should be left to the jury when there is evidence. Whether the court failed to apply the principle which it enunciated will be considered under the next point.

3. That points submitted and decisive were overlooked and that the decision was based on a point not raised by the bill of exceptions and not argued by counsel. The contention is that the court, although it announced the principle just referred to, did not apply it but on the contrary considered the case as depending upon whether the evidence for the contestants was clear and convincing and not upon the question raised by the exceptions and argued, that is, whether there was any evidence upon which a verdict could properly be based. The decision, as we construe it, does not bear out this contention. The argument seems to be based largely upon several passages that were inserted in the decision, chiefly for completeness of statement or to avoid mis-impressions, but which did not form the basis of the decision. The correctness of these passages is not quetioned but the contention is that the decision was based upon them rather than upon the other main principles stated in the decision. For

instance, the main contention is that the court proceeded on the theory that in order to justify leaving a case of this kind to the jury the evidence of undue influence must be "clear and convincing", whereas the court merely stated that circumstantial evidence alone of undue influence should be of a clear and convincing character, which is not disputed by the contestants, and this statement was made as a natural and usual qualification to a rule stated, in accordance with contestants' contention, that undue influence may be shown by circumstantial evidence. The court did not say that such evidence should be clear and convincing to the court in order to be left to a jury, but on the contrary stated in substance that if there was any material evidence it should be left to the jury, and the court proceeded on that theory. It stated the law and the evidence at some length—perhaps at unnecessary length—largely because of the nature of the question and of the conclusion and the elaborateness of counsel's argument, but concluded that, although there was sufficient evidence to justify a jury in finding a number of contestants' contentions, there was not sufficient to justify a jury in finding that the final disposition of the decedent's property was the result of undue influence. See p. 456. There was no direct evidence of undue influence. Indirect evidence had to be resorted to. The court expressed the view that the evidence might have justified a jury in finding that the presence and conduct of the one charged with exercising undue influence produced a decided change for the worse in the decedent's family, that she and the decedent were fond of each other and even that she had the disposition and opportunity to try to influence him in the matter of his will. It then remained to show that she had the power, not only to influence, but to unduly influence him. In order to show that, it was necessary to show that she had a general control over him. But not only did the uncontradicted evidence show affirmatively that he was a man of strong mind but there was no evidence tending to show that she had a general control over him. On the contrary the evidence tended to show that when they were of different desires or opinions she was the

one to yield. It is immaterial how much evidence there was on other points provided there was no substantial evidence on one essential point. As stated in the decision mere influence or even bad influence is not undue influence within the meaning of the law of wills.

To grant a rehearing in this case would be to do so merely in order that the entire case might be presented again substantially as at the first hearing in the hope that the court might be induced to come to a different conclusion. That should not be done. *Harbottle v. Rawlins,* 11 Haw. 207, 209. Few, if any, cases have been presented to this court with greater thoroughness and earnestness than this case, and there appears no sufficient reason for granting a rehearing.

The motion is denied.

*Holmes & Stanley* and *C. Brown* for proponents.

*A. S. Hartwell; Kinney, McClanahan & Cooper* and *J. J. Dunne* for contestants.

Mr. Justice Galbraith dissents.