# IN THE MATTER OF THE WILL OF CHARLES NOTLEY, deceased.

## SECOND MOTION FOR REHEARING.

SUBMITTED JULY 20, 1904.          DECIDED AUGUST 2, 1904.

FREAR, C.J., HATCH, J., AND CIRCUIT JUDGE DEBOLT, IN PLACE OF HARTWELL, J.

REHEARING—*denied, no palpable error shown.*

A rehearing should not be granted merely that the case may be presented again as at the first hearing in the hope that the court may be induced to come to a different conclusion, and in the absence of a showing of palpable error or grievous wrong.

OPINION OF THE COURT BY FREAR, C.J.

The will and codicils were admitted to probate by a Circuit Judge at Chambers. On contestants' appeal to the Circuit Court on the issue of undue influence, a different Judge presiding, a verdict was directed for the proponents on the ground that there was no evidence of undue influence that could properly be submitted to the jury. On contestants' exceptions, this court sustained the directed verdict. 15 Haw. 435.

Contestants then moved for a rehearing, their principal contention being that the court in holding that there was not sufficient evidence of undue influence to go to the jury, did so on the erroneous theory that in order that indirect or circumstantial evidence of undue influence (that being the character of the evidence relied on) should be submitted to the jury, it should be of a nature clear and convincing to the court, whereas the court should have proceeded on the theory that the jury were the sole judges as to whether the evidence was clear and convincing and that the court should have acted on the theory that any evidence more than a scintilla would be sufficient. The court denied the motion for a rehearing, holding that the original decision did not bear out the contestants' contention as to the construction of that decision; that the court in that decision proceeded on the theory that the evidence should be submitted to the jury, whether it was clear and convincing to the court or not, if there was any material evidence upon which a verdict could properly be based; that to grant a rehearing in the case would be to do so merely in order that the entire case might be presented again substantially as at the first hearing in the hope that the court might be induced to come to a different conclusion; that that should not be done; that few if any cases had been presented to the court with greater thoroughness and earnestness than this case, and that there appeared no sufficient reason for granting a rehearing. 15 Haw. 700.

The contestants now move a second time for a rehearing, accepting the statement of the court as to its construction of the

original decision, but contending that they were justified in placing upon that decision the construction which they relied on in their first motion for a rehearing and that this fact together with their claim that the original decision was a "palpable error and grievous wrong" is sufficient justification for their filing this second motion for a rehearing, and that they should now be granted a rehearing in order that they may show that there was sufficient evidence to go to the jury.

It is obvious from the foregoing that there are several preliminary questions that invite consideration and perhaps decision, but we will pass them without further notice. For it remains true, as was stated in the decision on the first motion, that this matter was presented with unusual thoroughness and earnestness at the original hearing and that to grant a rehearing would be to do so merely that the case might be presented again substantially as at that hearing in the hope that the court might be induced to come to a different conclusion, and we may add now that no sufficient showing has been made that the original decision was a "palpable error and grievous wrong"—which is the chief claim relied on to justify this second motion for a rehearing.

The motion is denied.

*Holmes & Stanley* and *Cecil Brown* for proponents.

*Kinney, McClanahan & Cooper* and *J. J. Dunne* for contestants.