WILLIAM NOTLEY, CHARLES NOTLEY, MARIA
HUGHES AND DAVID F. NOTLEY *v.* CECIL
BROWN AND ANTHONY LIDGATE, PROPO-
NENTS OF THE WILL OF CHARLES NOTLEY,
DECEASED, JOHN NOTLEY, A MINOR, VIC-
TORIA M. K. NOTLEY, A MINOR, LILY NOTLEY,
A MINOR, AND WILLIAM NOTLEY, A MINOR,
BY W. S. WISE, THEIR GUARDIAN AD LITEM,.
AND EMMA DANFORD.

ERROR TO CIRCUIT COURT, FOURTH CIRCUIT.

ARGUED MARCH 22, 1906.          DECIDED APRIL 13, 1906.

FREAR, C.J., HARTWELL AND WILDER, JJ.

WRIT OF ERROR—*rendition of judgment.*

Whether under the statutory provision that writs of error may
only be had within six months from rendition of judgment "rendi-
tion" should be construed to mean "entry" is not decided.

ID.—*questions previously decided on exceptions.*

A writ of error bringing up questions already decided by this
court on exceptions in the same case will on motion be dismissed.
Only proceedings subsequent to and not in conformity with the
decision on the exceptions may be reviewed afterwards on error.

APPEALS—*to United States Supreme Court.*

This court decides questions as if its judgment was to be final
and conclusive, and it should neither accelerate nor retard appeals
from its decisions.

OPINION OF THE COURT BY WILDER, J.

(Hartwell, J., dissenting.)

This is a motion to quash the writ of error on the grounds
(1) that the writ was not issued within six months from the
"rendition of judgment," (R. L. Sec. 1869,) and (2) that all

the errors assigned have been heretofore decided by this court in 15 Haw. 435, 700; 16 Haw. 66.

It is claimed by defendants in error that the judgment herein was rendered and filed on January 29, 1903. On that day the presiding judge signed and filed the following "Order for entering up judgment": "It is hereby ordered that the clerk of this court do sign and enter up judgment in favor of proponents of the last will and testament of Charles Notley, deceased, in accordance with said verdict, and the decree admitting said will and codicils to probate is hereby affirmed. Done in open court at Hilo this 28th day of January, 1903." On January 29, 1903, a judgment in accordance with said order was filed bearing the following endorsement of the clerk: "Filed January 29, 1903. Daniel Porter, clerk." This judgment was not signed at the end by any one. On June 8, 1905, plaintiffs in error filed a motion to set aside the order of January 29, 1903, above quoted, which motion was denied on August 28, 1905. On June 8, 1905, defendants in error moved that the clerk be ordered to sign the judgment which had been filed on January 29, 1903. This motion was granted without prejudice to the motion of plaintiffs in error, and the judgment was signed on the same day as of the 28th day of January, 1903. No objection is made to the form of the judgment.

There is considerable force in the contention of defendants in error that the judgment herein was rendered on January 28, 1903. A writ of error can only be had within six months from the "rendition of judgment." Sec. 1869, R. L. "Rendition" and "entry" of judgment have been used more or less interchangeably by this court in some of the past cases. The terms "rendition" and "entry" were correctly used in *Kapepee v. Kupahi,* 16 Haw. 799, where, in a jury waived case, it is stated that judgment was rendered at the close of the trial and was entered some days thereafter. It is contended by the plaintiffs in error that the past construction by this court of the writ of error statute has been to regard rendition as meaning entry, but that, if that is not so, it should only be laid down as a rule for future guidance and the writ should not be quashed

on this ground. As the other ground of the motion is decisive of the matter, the decision will be based on that ground.

The second ground for quashing the writ i. that all the errors assigned have been heretofore decided by this court. There is no question but that the first five assignments of error have been disposed of by this court. The other assignments of error have reference to the order of January 29, 1903, and the proceedings subsequent to the overruling of the exceptions, all of which are referred to above. As already pointed out it is at least an open question whether these subsequent proceedings were necessary, but if they were the action of the trial court in each instance was in exact compliance with the opinion of this court on the overruling of the exceptions. See 15 Haw. 435, 700; 16 Haw. 66. This court said in *Meheula v. Pioneer Mill Company,* 17 Haw. 94, that "if no judgment was entered on the verdict it is entered by the circuit court upon notice of the overruling of the exceptions. This result. follows as a matter of law."

Error and exceptions are concurrent methods for the correcting of errors made in the trial of law cases in the circuit courts, the conditions and limitations of each method being different. *Cummings v. Iaukea,* 10 Haw. 4.

In *Ferreira v. H. R. T. & L. Co.,* 16 Haw. 406, it was held that where a party has brought a bill of exceptions to this court and has also sued out a writ of error covering the same matters he will be obliged to elect which procedure he will follow. The court said on page 408 : "Though the remedies are concurrent it does not follow that the party is entitled to both of said remedies at the same time any more than he would be entitled to maintain two actions for the same cause in courts of concurrent jurisdiction."

That being so, it would seem to follow that a party after pursuing one remedy to termination, namely, by exceptions, could not thereafter pursue the other remedy, namely, writ of error, to determine exactly the same questions. It would be like an appeal or writ of error from this court to this court. If this could be done there would be no end to litigation and appeals,

and the courts themselves might be turned into instruments of injustice by an obstinate litigant. This is the inference to be drawn from the language of this court in *Cummings v. Iaukea,* supra, where it is said that "undoubtedly if the ground of error in the cause had been made matter of exception and had been decided in the supreme court, error would not lie."

This view is sound on principle and has the support of the United States Supreme Court, to say nothing of the courts of the different states.

It is well settled that the second writ of error brings up nothing for revision except the proceedings subsequent to the mandate; and it follows that, if those proceedings are merely such as the mandate commanded and were necessary to the execution of the mandate, the writ will be dismissed, as any other rule would enable the losing party to delay the execution of the mandate indefinitely, which cannot be permitted. *Cook v. Burnley,* 11 Wall. 677.

An appeal from a decree which the circuit court passed in exact accordance with the mandate of this court upon a previous appeal will upon motion of the appellee be dismissed with costs. *Stewart v. Salaman,* 97 U. S. 361. See also *Humphrey v. Baker,* 103 U. S. 736; *Aspen Co. v. Billings,* 150 U. S. 31.

In *Hartshorne v. Sleight,* 3 Johns. (N. Y.) 554, where a second writ of error bringing up errors previously decided in the same case was quashed, it was said (p. 563): "The decision heretofore made in this case, so far as it establishes a general principle, is the law of the land. So far as it is confined exclusively to the parties, it is *the law of the case,* and can never be called in question, or examined in any court of this state. In quashing this writ, we declare it a nullity; we declare that it ought not to have been issued; and we declare that after having deliberately considered and solemnly adjudged the controversy before us, we will not permit a round of vexatious litigation and an accumulation of unnecessary expense."

We have examined all the citations of plaintiffs in error and find that they are not in point.

Counsel for plaintiffs in error seem to think that, unless this court entertains jurisdiction and affirms the judgment of the lower court, the questions decided by this court on the bill of exceptions cannot be reviewed by the Supreme Court of the United States. On that point reference is made to the case of *Gregory v. McVeigh,* 23 Wall. 294. That was a case from Virginia, where "the Supreme Court of Appeals is the highest court of the state. Judgments of the Corporation Court of Alexandria can only be taken there for review on leave of the Court of Appeals itself or some judge thereof. Gregory, against whom a judgment had been rendered in the Corporation Court, applied to each and every one of the judges of the Court of Appeals for a writ of. error, but his applications were all rejected because the judgment was 'plainly right.' This, by a statute of Virginia, was a bar to any application to the court for the same purpose, and Gregory thereupon sued out a writ. of error from this court to the Corporation Court, as the highest court of the state in which a decision in the suit could be had. Upon a motion to dismiss we upheld our jurisdiction, because everything had been done that could be to take the case to the. Court of Appeals, and its doors had 'been forever closed against the suit, not through neglect, but in the regular order of proceeding under the law governing the practice.' Had the court itself refused the leave upon an application for that purpose, its refusal would have been equivalent to a judgment of. affirmance, which could have been reviewed in this court; but as in the regular course of proceeding that had been done which prevented either a review of a judgment of the Court of Appeals or an application to that court for a writ of error, the judgment of the Corporation Court had become the judgment of the highest court of the state in which a decision in that suit could be had, and consequently was reviewable here as such." *Fisher v. Perkins,* 122 U. S. 526.

But in any event that question does not concern this court. This court, except where the matter is controlled by the decision of a higher court, must decide questions coming before it as if no revisionary tribunal existed, and as if its judgment.

was to be final and conclusive. It should neither accelerate nor retard appeals from its decisions. See *Hartshorne v. Sleight,* supra.

It was suggested that the plaintiffs in error, after the verdict of the jury had been rendered and exceptions thereto had been overruled by this court, might have set up other grounds for resisting the probate of the will, but no such other grounds are set forth, and, in the absence of such a showing, we cannot assume that there were any, even if they could have been set up.

The judgment of this court is that the motion to quash the writ should be granted, and accordingly the writ is dismissed.

*S. M. Ballou* (*Ballou & Marx* on the brief) for plaintiffs in error.

*W. L. Stanley* (*Holmes & Stanley* on the brief) for defendants in error.

### DISSENTING OPINION OF HARTWELL, J.

The first ground of the motion to quash is that this court has "already decided the questions now sought to be reviewed" and the second that the writ was not issued within six months from rendition of judgment, namely, January 29, 1903. The opinion of the court considers these grounds in the reverse order named in the motion.

I think that the motion cannot be granted on either of the grounds named. The judgment was not rendered in such form that a writ of error would lie to it until June 8, 1905. A judgment cannot be made 'as of' an earlier date than it was actually made for the purpose of shortening the time in which a writ of error can be taken out. *Rubber Co. v. Goodyear,* 6 Wall. 156. The only object of a nunc pro tunc judgment is "to see that the parties shall not suffer by the delay." *Mitchell v. Overman,* 103 U. S. 65. It "should be granted or refused as justice may require in view of the circumstances of the particular case." Ib.

All of the questions sought to be reviewed by the writ of error were not passed upon by the decision upon the exceptions.

The rulings which were not passed upon were those made by the circuit court, after the allowance of the bill of exceptions, in denying the contestants' motion to set aside the order of the circuit judge filed January 29, 1903, affirming the decree of Judge Little admitting the will to probate and granting the proponent's motion that the clerk be ordered to sign the judgment in conformity with the order of the judge of January 28, 1903. The exceptions taken by the contestants, allowed and signed by the presiding judge June 8, 1905, are as follows:

"Contestants except to the allowance of proponent's motion that the Clerk of Court be ordered to sign the form of judgment filed January 29th, 1903, and to the judgment so signed on the ground that such allowance is illegal, null and void and not justified by the law or evidence or record herein and to the judgment upon the ground that said judgment is contrary to the law and evidence and weight of evidence and without authority of law and is illegal, null and void."

Upon these exceptions there has been no ruling thus far by this court.

The right of the circuit court to affirm the decree of the circuit judge in probate appears to me to require serious consideration, and so of the proper form of judgment when issues of fact are tried by jury upon appeal from a probate decree.

The right of appeal from a decree of a circuit judge at chambers to the circuit court is not expressly granted, although clearly recognized by statute. This is a result, it must be conceded, of defective legislation. Circuit courts formerly consisted of the judge of the circuit associated on the bench with a justice of the supreme court who presided at the term. At a later date the first circuit court was held by a justice of the supreme court, the office of the circuit judge of that circuit being abolished. By the Judiciary Act of 1892 the circuit courts were held by the circuit judges. The jurisdiction of the supreme court being mainly appellate, and appeals lying to the supreme court from all decisions and decrees of the circuit judges at chambers "except in cases in which the appellant is entitled to appeal to a jury," and with the proviso that "in any case in which the law allows an appeal from the decision, judg-

ment, order or decree of a judge in chambers to be tried before a jury" the judge appealed from "shall not preside at the trial of such appeal before a jury," but a circuit judge from some other circuit. Sec. 1859, R. L. The only cases in which the appellant could have a jury trial were the probate cases enumerated in the act of 1864 (Sec. 1843, R. L.), namely, in estates of over $500 and upon issues of fact upon which either the appellant or appellee should move the appellate court for a jury trial. Writs of error to the supreme court lay from any decision of a police justice, circuit judge or circuit court or any justice of the supreme court, which, after hearing the case, was authorized by statute "to give judgment either affirming or reversing or modifying the former judgment or remanding the cause for a new trial." Sec. 1159, Civ. Code, 1859. Under the act of 1892 (Sec. 1860, R. L.), in cases of appeals from decisions of a circuit judge, the supreme court "shall have power to review, reverse, affirm, amend, modify or remand for a new hearing." Sec. 1860, Ib. In the various changes in the procedure made by the legislature the right of appeal from a circuit judge to the circuit court was not retained, although the statute concerning the trial of issues of fact by a jury upon an appeal being taken from a probate decree of a circuit judge to the circuit court was retained, applying in cases of estates of over $500 in value.

It is difficult to say that under the statute an appeal from a probate decree goes any further than the trial by jury of specified issues of fact or that an appeal could be allowed at all except for the trial of such issues. I therefore think that in this case the circuit court had no authority by statute or under any implied power to pronounce a judgment affirming the decree of the circuit judge in probate admitting the will to probate. Power to affirm implies power to reverse. If the findings of the jury had been adverse to the appellant judgment would properly have been made which was applicable to those findings. If the judgment had been in favor of the contestants they could then move the circuit judge, on notice of it, to reverse his decree, and so upon a judgment in favor of the

proponent he could move the circuit judge to affirm his decree. This seems to me to be the correct practice.

I therefore feel compelled to dissent from the decision of the court upon the motion to quash.