## NOTLEY v. BROWN.

ERROR TO THE SUPREME COURT OF THE TERRITORY OF HAWAII.

No. 68.    Argued January 24, 1908.—Decided February 24, 1908.

*Harrison* v. *Magoon,* 205 U. S. 501, followed to effect that the act of March 3, 1905, c. 1465, 33 Stat. 1035, did not operate retroactively and that this court has no authority to review judgments of the Supreme Court of Hawaii, rendered prior to that date, which could not be reviewed under the previous act.

In this case it was held that the writ of error could not be sustained as to the judgment referred to therein because entered prior to March 3, 1905, and also that it could not be sustained as to a judgment in the same suit entered after the writ of error had been sued out.

THE facts are stated in the opinion.

*Mr. Robert M. Morse,* with whom *Mr. William M. Richardson, Mr. Sidney M. Ballou* and *Mr. J. J. Dunne* were on the brief, for plaintiffs in error:

It is conceded that the plaintiffs in error proceeded at the outset on the assumption that the decision of the Supreme Court of Hawaii of March 8, 1904, overruling the plaintiffs' exceptions, was the final judgment in the case, and that the United States statute of 1905 had a retroactive effect and entitled the plaintiffs in error to come into this court on a writ of error to reverse that judgment. In fact, however, the decision of the Hawaiian court on the bill of exceptions was not a final judgment, and that court could not enter a final judgment before the Hawaiian act of 1905. Even if it had been or could be considered to be a final judgment, the decision of this court in *Harrison* v. *Magoon,* 205 U. S. 501, to the effect that the United States statute of 1905 was not retroactive would deprive this court of jurisdiction.

It appears, however, that on June 8, 1905, a judgment, and

the first judgment in this case entered by any court, was entered in the Circuit Court of Hawaii and that the plaintiffs in error thereupon applied to the Supreme Court of Hawaii for a writ of error to the Circuit Court, which writ of error was granted under date of November 24, 1905, and, on motion by defendants in error to quash the same, was dismissed April 13, 1906, and that judgment thereon was entered September 27, 1907, as of April 13, 1906.

This judgment of the Hawaiian court was, in effect, an affirmance of the judgment of the Circuit Court, and was, for the purpose of a writ of error to this court, a final judgment in the case by the Supreme Court of Hawaii.

The entire record of the case is now before this court, and if it appears from inspection of the record that substantial error has been committed, to which seasonable objection was taken by the plaintiffs in error, this court has the power to correct and will correct such error. *Gregory* v. *McVeigh*, 23 Wall. 294; *Fisher* v. *Perkins*, 122 U. S. 522.

The court may treat the phrase, March 8, 1904, not as the particular date of the judgment, but as descriptive only and surplusage, and will give effect to the apparent intention of the plaintiffs in error to enforce their right to a review of the final judgment in the case by the highest court of the Territory.

The power of the court to review does not depend upon the presence or absence of any specific assignment of error. *World's Columbian Exposition Co.* v. *Republic of France*, 91 Fed. Rep. 64.

Rule 35 of the Supreme Court is to the effect that the court will notice plain errors, even though not assigned, and this court has frequently considered such errors. *United States* v. *Pena*, 175 U. S. 500, and even when no assignment of errors has been filed. *Farrar* v. *Churchill*, 135 U. S. 609; *Behn.* v. *Campbell*, 205 U. S. 403.

It may be claimed, however, that because the judgment of the Hawaiian court was the quashing of a writ of error on a motion to dismiss, it was not such a judgment as can be re-

viewed by this court. No limitation as to the kind or character of the judgment to be entered is imposed by act of Congress of 1905, or by the Hawaiian act of 1905, and it is therefore to be assumed that the same rules and practice are to prevail as in cases between Federal and state courts. See *Williams* v. *Bruffy*, 102 U. S. 248.

The test as to what constitutes a final judgment to which a writ of error can be taken is whether in entering such judgment the court was affirming or rejecting a claim which the plaintiff in error sought to enforce as a matter of right, or whether it was one which the court in the exercise of its discretion might allow or not. *Walden* v. *Craig*, 9 Wheat. 510; *Pickett's Heirs* v. *Legerwood*, 7 Peters, 142; *Shreve* v. *Cheesman*, 69 Fed. Rep. 785; *Whitworth* v. *United States*, 114 Fed. Rep. 302.

In the case at bar the plaintiffs in error claimed the right to a review of the judgment of June 8, 1905, as a matter of right, and set out nine assignments of error, each raising questions of law. Nothing but questions of law were therefore before the Supreme Court of the Territory. Therefore, its judgment in dismissing the writ of error, which, as we have said, is equivalent to a decree of affirmance, is reviewable by this court.

Judgment dismissing the writ of error was in fact entered September 27, 1907, but of the date of April 13, 1906. This case falls within the United States act of 1905.

Where a law conferring jurisdiction is repealed without any reservation as to pending cases, all cases fall within the law. *Railroad Co.* v. *Grant*, 98 U. S. 398; *Gurnee* v. *Patrick County*, 137 U. S. 141. The converse must also be true, that, where a law granting jurisdiction is enacted without any reservation, all pending cases fall within the law.

Even if the writ of error can bring up only the proceedings in the Hawaiian courts subsequent to the entry of judgment of June 8, 1905, the writ should be sustained as the Supreme Court of the Territory in dismissing the writ of error did so upon the ground that all the errors assigned in the petition had

been passed on by it on March 8, 1904. But the sixth and seventh assignments relate to the proceedings in the lower court had since March 8, 1904, and therefore could not have been passed upon by the appellate court.

*Mr. Aldis B. Browne* and *Mr. W. L. Stanley,* with whom *Mr. Alexander Britton* and *Mr. Henry Holmes* were on the brief, for defendants in error:

The act of March 3, 1905, needs no interpretation with respect to the point here involved. By its express language it takes effect and operates only "from and after its passage."

The final judgment whereof review is here sought was rendered long before its passage. Admittedly no provision for review thereof in this court then existed. No time limit for appeal or review in any higher court was provided. The cause was at an end.

Nor can the act be given retroactive effect in authorizing review of a judgment theretofore made final in the Supreme Court of Hawaii. *White* v. *United States,* 191 U. S. 545, 552. See also *United States* v. *American Sugar Refining Co.,* 202 U. S. 563; *Hooker* v. *Hooker,* 10 S. & M. (Miss.) 599, 601; *Stewart* v. *Davidson,* 10 S. & M. (Miss.) 351, 358.

While the legislative power to enlarge or restrict remedies exists, it is clearly limited to causes which are then pending, and not to those wherein there has been final judgment and the parties hence dismissed, and with the cause thus put at judicial end. *Jensen et al.* v. *Frieke et al.,* 113 Illinois, 171, 175; *Willoughby* v. *George,* 5 Colorado, 80, 82; *Davis* v. *Menasha,* 21 Wisconsin, 491; *Merrill* v. *Sherburne,* 1 N. H. 199; *Bates* v. *Kimball, Admr.,* 2 Chipman (Vt.), 77; *Lewis* v. *Webb,* 3 Maine, 326.

So in the case at bar, under the operation of the final judgment of the Supreme Court of Hawaii, now here sought to be reviewed, the rights of the parties became fixed and the property had become subject to the absolute and final disposition prescribed in the testator's will. With that property and the

rights created thereunder the community had every right to deal. In short, the cause had come to a final end. See *Gilman* v. *Tucker*, 128 N. Y. 190, 204; *Greenwood* v. *Butler*, 52 Kansas, 424; *Lewis et al.* v. *Webb*, 2 Greenleaf, 326; *Weaver* v. *Lapsley*, 43 Alabama, 224; *McCabe* v. *Emerson*, 18 Pa. St. 111; *People* v. *Carnal*, 6 N. Y. 463; *Taylor* v. *Place et al.*, 4 R. I. 324.

MR. JUSTICE WHITE delivered the opinion of the court.

In a contest in a Hawaiian court of probate certain documents were held not to have been executed under undue influence, and were admitted to probate as the last will and testament and codicils thereto of Charles Notley. On appeal to the Circuit Court, in term, upon motion of the contestants, a jury was impanelled to try issues of fact embodied in two questions, which substantially required the jury to say whether undue influence had been exerted upon the testator. On the trial various exceptions were taken to rulings on the admission and rejection of evidence, and at the close of the evidence the trial judge granted a motion to instruct the jury to find a verdict sustaining the will.

The verdict was rendered January 28, 1903. On the same day the trial judge signed the following order, which was duly filed on the following day:

"Order for Entering up Judgment.

"Upon the entering up of the verdict on the appeal in this matter,

"It is hereby ordered that the clerk of this court do sign and enter up judgment in favor of proponents of the last will and testament of Charles Notley, deceased, in accordance with said verdict, and the decree admitting said will and codicils to probate is hereby affirmed.

"Done in open court at Hilo this 28th day of January, 1903."

On January 27, 1903, the clerk endorsed and filed a formal judgment. It would seem, however, that he did not then sign

the face of the judgment, and perhaps did not enter it, as following the date of the judgment is this recital:

"A. S. Le Baron Gurney, Clerk Fourth Circuit Court.

"Judgment entered this 28th day of January, 1903.

"(Seal) This 8th day of June, A. D. 1905, as of the 28th day of January, 1903."

The following endorsement is also on the back of the judgment, under the endorsement of the filing on January 29, 1903: "Filed June 8, 1905. A. S. Le Baron Gurney, Clerk." The record is silent as to how these additions to the judgment came to be made.

A motion to set aside the verdict and for a new trial having been overruled, the cause was taken on exceptions to the Supreme Court of Hawaii. In that court the action of the trial court in instructing a verdict was sustained and two motions for a rehearing were overruled, the last on August 2, 1904. 15 Hawaii, 435, 700; S. C., 16 Hawaii, 66. It will be observed that the last action of the court on the application for a rehearing was had nearly a year prior to the clerk's signature affixed to the face of the judgment on June 8, 1905, as of January 28, 1903, and the additional file mark on the back of the judgment made on June 8, 1905.

More than a year after the final action of the Supreme Court of the Territory on the exceptions, that is, on November 24, 1905, a petition for a writ of error to the Circuit Court, with assignments of error, was filed in the Supreme Court of the Territory on behalf of the contestants, praying that court to reverse a judgment entered in the Circuit Court. The petition for the writ recited the order admitting the will and codicils to probate, the appeal to the Circuit Court, the trial upon specified issues of fact, the motion to direct a verdict, the instruction to sign a certain form of verdict, the verdict, the taking of various exceptions, and the overruling of motions for a new trial. No reference was made in the petition for a writ of error to the fact that the exceptions reserved at the trial had been previously taken to the Supreme Court of the

Territory, and had been there decided adversely to the contestants. The petition then proceeded to recite that on June 8, 1905—which, it will be observed, was after the final action of the Supreme Court on the exceptions—the contestants had in the Circuit Court filed a motion to set aside the "Order for entering judgment," filed January 29, 1903, upon the ground that the order was obtained *ex parte* and without notice to or knowledge of contestants, and said motion was heard upon affidavit and oral evidence and was overruled, to which exception was duly taken, etc. It was further recited that on the same day, while this motion was pending, counsel for proponents moved that the clerk of the court be instructed to sign the judgment which had been previously made out on January 28, 1903, and filed on the next day, in conformity to the order of the court rendered on January 28, 1903, and that on this motion being granted by the court the judgment was entered and signed by the clerk, and the following exception was taken:

"Contestants except to the allowance of proponents' motion that the clerk of court be ordered to sign the form of judgment filed January 29th, 1903, and to the judgment so signed on the ground that such allowance is illegal, null and void and not justified by the law or evidence or record herein and to the judgment on the ground that said judgment is contrary to the law and evidence and weight of evidence and without authority of law and is illegal, null and void.

"Dated Hilo, June 8th, 1905."

The first five of the grounds set forth in the assignment of errors made for the purpose of the writ of error prayed from the Supreme Court of the Territory, as above stated, were but a reiteration of alleged errors asserted to have been previously committed by the trial court in instructing a verdict in favor of the will, and which had already been taken to the Supreme Court of the Territory on the exceptions and had been adversely passed upon by that court. The remaining assigned errors were as follows:

"Sixth. That the court erred in making the *ex parte* order of January 29, 1903, confirming the decree of Judge Little admitting the alleged will of Charles Notley to probate.

"Seventh. That the court erred in denying contestants' motion to set aside order of Judge Robinson filed January 29, 1903, confirming decree of Judge Little admitting will to probate.

"Eighth. That the court erred in ordering the clerk to sign the form of judgment submitted by proponents.

"Ninth. That the court erred in entering judgment for the proponents in said matter of the estate of Charles Notley, deceased, being petition for probate of will."

It may be observed that Judge Little was the judge by whom the will was originally admitted to probate, while Judge Robinson was the judge who presided at the trial in the Circuit Court and whose action in instructing a verdict had been approved by the Supreme Court of the Territory. The writ of error from the Supreme Court prayed under the circumstances just stated was allowed on November 24, 1905, and on December 14, 1905, a motion to quash the writ was filed upon the following grounds:

"(1) That it is apparent upon the record that this honorable court has heretofore, to wit, on the 8th day of March, 1904, on the 3rd day of June, 1904, and on the 2nd day of August, 1904, decided the questions now sought to be reviewed and embraced in the assignment of errors filed herein; and

"(2) That the petition for writ of error was not filed nor the writ issued within six months from the rendition of judgment in said cause, the same having been rendered and filed on, to wit, the 29th day of January, 1903."

After argument, for reasons stated in an opinion filed April 13, 1906 (17 Hawaii, 455), the Supreme Court of Hawaii granted the motion and dismissed the writ.

Although the court, in its opinion, declared that there was considerable force in the contention of the defendants in error that the writ should be dismissed, because the only judgment rendered below was that of January 28, 1903, and therefore

that the writ of error had not been sued out within the statutory limit, viz., six months from the rendering of the judgment, it did not rest its conclusion to dismiss upon that ground. The court, reviewing the controversy, held that every substantial question in the case had been already disposed of when the case was previously before it on exceptions. Without specifically analyzing the assignment of errors based on the action of the trial court on June 8, 1905, in directing the clerk to sign the judgment which had been made out in pursuance of the order of the court on January 28, 1903, those assignments were, in fact, treated as irrelevant or without merit, since it was held that as a necessary result of the previous action of the court in finally disposing of the exceptions, judgment was required to be entered upon the verdict by operation of law on notice to the trial court of the overruling of the exceptions.

Although as we have seen the opinion of the Supreme Court of the Territory just referred to was announced on April 13, 1906, no formal order or judgment in conformity to the opinion delivered by the court quashing the writ was entered until September 27, 1907. A few days after the delivery by the Supreme Court of the Territory of the opinion referred to, that is, on April 18, 1906, three of the contestants served a formal notice on the fourth one, calling upon him to elect whether he would join them in a writ of error to be prosecuted from this court to the Supreme Court of the Territory of Hawaii, to obtain a reversal of the judgment of the territorial court "rendered against you and us . . . on the eighth day of March, 1904, a motion for rehearing having been heard and considered, and having been denied on the 3d day of June, 1904." The contestant thus notified formally replied that he would not join the other contestants in prosecuting a writ of error to reverse the judgment rendered on March 8, 1904. Thereupon an application for the allowance of a writ of error from this court was made to the Chief Justice of the Supreme Court of the Territory. In a petition for the writ the only

judgment referred to was that claimed to have been rendered by the Supreme Court of the Territory on March 8, 1904, when the case was before that court on the exceptions. In the assignment of errors accompanying the petition it was recited that the final judgment for the reversal of which the writ of error was prayed was that rendered on March 8, 1904, and the three first grounds therein assigned exclusively related to the action of the Supreme Court of the Territory when the case was before that court on exceptions in sustaining the ruling of the trial court, in instructing a verdict. The fourth and last error assigned was as follows:

"Fourth. That the said Supreme Court of the Territory of Hawaii erred in that the said cause having been remanded to the Circuit Court of the Fourth Circuit of the Territory of Hawaii after the aforesaid judgment of the Supreme Court, and further proceedings having been taken in said cause in said Circuit Court and a writ of error dated November 25, 1905, in said cause, having been thereafter sued out by the present plaintiffs in error from the Supreme Court of the Territory of Hawaii to the said Circuit Court, the said Supreme Court quashed said writ of error."

The Chief Justice of the Supreme Court of the Territory having refused to allow the writ on the petition therefor and assignment of errors heretofore referred to, the writ was allowed by a justice of this court. The transcript of the record was filed in this court on July 20, 1906.

On November 28, 1906, a motion was made to dismiss the writ of error for want of jurisdiction. In the brief filed on behalf of the defendants in error it was insisted that prior to the act of March 3, 1905 (33 Stat. 135), the power of this court to review the judgments and decrees of courts of the Territory of Hawaii was governed by the rules relating to the right to review judgments and decrees of state courts, and that as the cause presented no question which would justify a review if the judgment had been rendered in a state court, there was therefore no jurisdiction. It was conceded that a broader and

different right as to the courts of the Territory of Hawaii had been conferred by the act of March 3, 1905, but it was urged that that act did not confer jurisdiction because the judgment of the Supreme Court of the Territory to which the writ of error was addressed had been rendered prior to the passage of the act of 1905, and as that act had no retroactive effect, there was no jurisdiction. Whilst admitting that the controversy involved no question giving the right to review if the judgment had been rendered in a state court, and therefore there could be no review under the prior act, plaintiffs in error insisted that there was power to review under the act of March 3, 1905, because that act operated retroactively. The motion was not passed upon, but was postponed to the hearing on the merits.

At the same term (October term, 1906), however, and some months after the motion to dismiss had been postponed to the hearing upon the merits, the question involved in that motion arose in another case, and it was decided that the act of March 3, 1905, did not operate retroactively, and therefore that this court had no authority to review a judgment or decree of a court of the Territory of Hawaii rendered before the passage of the act which could not be reviewed under the previous act. *Harrison* v. *Magoon,* 205 U. S. 501.

Five months after the decision just referred to in the *Magoon case,* what is styled a judgment was entered by the Supreme Court of Hawaii, concerning the action of that court in quashing the writ of error from that court to the lower Circuit Court previously referred to. Omitting the title of the cause and the signature of the clerk, the so-called judgment is copied in the margin.[1]

---

[1] Defendants in error above named having made a motion to quash the writ of error issued herein on the 25th day of November, A. D. 1905, upon grounds therein set forth, to wit:

(1) That said writ was not issued within six months from the rendition of judgment; and

(2) That all errors assigned have been heretofore decided by this court in 15 Hawaiian Reports, pages 435, 700, 16 Hawaiian, 66; and said motion com-

At the present term, on October 14, 1907, a stipulation of
counsel was filed, adding to the record as omitted matter the
petition for a writ of error from the Supreme Court of the
Territory, the assignment of errors, the writ of error, the mo-
tion to quash the said writ of error, and the so-called judgment
of September 27, 1907, quashing the same, to which we have
previously referred.

With these facts in mind, we come to consider the contro-
versy. At the outset we must dispose of the motion to dismiss,
which we have previously said was made at the October term,
1906, and was postponed to the hearing on the merits.

As on its face the writ of error in terms is directed to the
supposed judgment of the Supreme Court of Hawaii, rendered
March 8, 1904, disposing of the case on exceptions, and there is
no pretense of the existence of a Federal question among the
issues arising on the exceptions, it is obvious that as a result of
the decision in *Harrison* v. *Magoon, supra,* we are without
jurisdiction to review by writ of error the judgment to which
the writ runs. But although the writ of error is specifically
addressed to the judgment of March 8, 1904, and all the grounds
previously urged to maintain jurisdiction have been deter-
mined to be untenable, it is now pressed that there is juris-
diction upon other and different grounds which are, in fact,
wholly incompatible with those previously taken. Let us
consider these grounds.

It is urged that the Supreme Court of Hawaii did not ren-
der a judgment in 1904, and indeed it is asserted that that
court had no power to render a judgment in passing on a case

---

ing on to be heard, now after reading and filing said motion to quash said
writ of error and after hearing W. L. Stanley, Esq., of counsel for defendants
in error in support of said motion, and S. M. Ballou, Esq., of counsel for
plaintiffs in error in opposition thereto, and due deliberation having been
had, it is

Ordered, adjudged and decreed that said motion to quash the writ of error
issued herein on the 25th day of November, 1905, be and the same is hereby
granted, and that said writ be and it hereby is dismissed.

Dated Honolulu, September 27th, A. D. 1907, as of April 13, 1906.

taken up on exceptions. The claim, therefore, really is that although the judgment to which the writ of error is in terms addressed was no judgment, yet the writ should be sustained. Aside from the contradiction, this contention must rest upon one or two assumptions: 1st. That there was no final judgment susceptible of being reviewed by a writ of error until June 8, 1905, when, it is asserted, a judgment arose for the first time by the making of an order by the trial court directing the clerk to sign *nunc pro tunc* the judgment which had been previously prepared by the clerk in pursuance of the express order of the court in consequence of the verdict of the jury. Although this judgment was not only written up in 1903, but was endorsed filed on January 29, 1903, the argument is that as it was not signed on its face by the clerk when it was so filed it could not take effect as a judgment until the date of the actual signing on its face by that officer as a consequence of the *nunc pro tunc* order. 2d. That this writ of error must be treated, despite its terms, as if it were addressed to the action of the Supreme Court of Hawaii in quashing the writ of error on August 13, 1906.

In considering the first proposition it is to be observed that there is nothing in the record disclosing any ruling by the trial court concerning the order for the signature *nunc pro tunc* of the judgment or any exception taken to such a ruling. We say this because, leaving out of view some allusions made to the subject in the opinion of the Supreme Court of the Territory quashing the writ, the only reference to these matters is found in recitals contained in the application to the Supreme Court of Hawaii for a writ of error, which was stipulated into the record long after the writ in this case was allowed and the record filed here. But waiving any infirmity, and assuming that we may look at mere recitals in the petition for the writ of error from the Supreme Court of the Territory, the situation, if the contentions be well founded, is then this, that the only judgment susceptible of being reviewed was one which it was claimed was entered in the trial court in connection with the *nunc pro*

*tunc* entry, after the action of the Supreme Court of the Territory overruling the exceptions, and therefore after the judgment of that court which the writ seeks to review. And a consideration of the second proposition leads to a like result. Conceding that the writ of error, although it is in terms addressed to the action of the court on the exceptions, may now be treated as being addressed to its action in 1906 in quashing the writ of error, and further conceding, for the sake of argument only, that the judgment of the territorial court in refusing to consider the case on its merits and quashing the writ of error could, under any circumstances, be treated as a final judgment susceptible of being reviewed here by writ of error, nevertheless there is no judgment before us which we can review. This follows because, as shown by the statement which we have previously made, at the time when this writ of error was taken no judgment whatever had been entered in the Supreme Court of Hawaii giving formal expression to its decision quashing the writ. Indeed, the judgment so doing was only entered in that court, as we have seen, September 27, 1907, long after the record in this case had been filed here and the motion to dismiss the writ had been made and submitted on briefs of counsel and had been postponed to the hearing on the merits. In fact, no such judgment was entered until after the decision of this court in the *Magoon case.* The argument which seeks to have the writ of error from this court which is directed to one judgment applied to another rendered long after the writ of error was sued out, can only rest upon the assumption that the entry of the judgment below in 1907, after the writ of error was sued out, must be treated as relating back to the time in 1906, when the opinion of the court quashing the writ was announced. But if we apply this rule to the judgment in question we would have to apply it also to the judgment of the Hawaiian Circuit Court rendered January 28, 1903, and therefore we should be obliged to say, irrespective of the reason assigned by the Supreme Court of the Territory, that that court had rightly quashed the writ of error for want of juris-

diction, since it is conceded that under the statutes of Hawaii a writ of error must be sued out within six months from the rendition of judgment.

The considerations just stated make it inevitable that this writ of error should be dismissed. Of course, it may be that the reasons which we have given do not necessarily foreclose the right within the statutory time to prosecute a new writ of error to the judgment of the Supreme Court of the Territory of Hawaii, quashing the writ, entered September 27, 1907. On that subject, however, we observe, to the end that this litigation may not be unnecessarily prolonged, that because we do not decide the quest on not before us, as to whether such right to a new writ of error exists, we must not be considered as in the slightest degree intimating an affirmative view as to the existence of such a right.

*Writ of error dismissed for want of jurisdiction.*