THE UNG WO SANG CO. *vs.* T. ALO *et al.*

MOTION FOR A RE-ARGUMENT.

IN VACATION, JUNE, 1888.

JUDD, C.J., McCULLY, PRESTON, BICKERTON and DOLE, JJ.

Motion for re-argument upon the bill, on the ground that the allegation of the appurtenance of the water had been overlooked in the Court's consideration of the case, was denied, it appearing that such allegation had not been made.

OPINION OF THE COURT, BY McCULLY, J.

Counsel for the plaintiff moves the Court to hear a re-argument on the bill.

In *Kenway vs. Notley,* 5 Hawn., 123, on a motion for re-argument, the Court cites and adopts the rule of the N. Y. Court of

Appeals in *Mount vs. Mitchell*, 32 N. Y., 702, in these words: "Motions for re-argument should be founded on papers showing clearly that some question decisive of the case, and duly submitted by counsel, has been overlooked by the Court, or that the decision is in conflict with an express statute, or with a controlling decision, to which the attention of the Court was not drawn, through the neglect or inadvertence of counsel."

The counsel for plaintiff sets out the grounds on which his motion is based, as follows:

1. The plaintiffs, in taking their rice plantation lease from the defendants and others, saw the premises watered from a water-course of which these defendants held a separate lease. Whether the defendants informed the plaintiffs that the water-course was appurtenant to and passed with the demised premises, as averred in the bill, or not, as averred in the answer, the fact that it was made appurtenant by the act of one of the lessors is enough to make it pass under the lease as one of the appurtenances.

2. The proofs do not suffice to sustain the averment in the answer, that the rental at first demanded for this lease was reduced from $1600 to $1350 upon the plaintiffs' agreement to take from these defendants the lease of the water-course for $200; on the contrary, it is shown that the lease of the water-course was taken by one of the plaintiffs at Kauai after he had learned that otherwise Alo would cut off the water, and that the original lease for $1350 was made without any prior or contemporaneous agreement that the later $200 lease should be taken.

3. The lessors' covenant in the first lease, that they would lease no kuleanas within the leased premises, was not broken by the existence, although unknown to the plaintiffs, of the prior lease from Charman to the defendant Alo, of a kuleana with this water-course within the demised premises.

4. To lease land and all its appurtenances to another by a lease which contains no exception or reservation, authorizes the lessee to infer that all the actual existing appurtenances were meant to pass with the lease, for such is the law. Consequently

the subsequent lease of an appurtenance, which the first lease had already demised, gave nothing to the lessee, and must be decreed to be void, as without consideration and obtained by actual or constructive fraud.   The further relief appropriate for the case is the repayment of the rentals, $800 in all, which have been made on the lease of the water-course, and a decree that the defendant be trustee of the Charman lease to the use of the plaintiffs.

5.   The bill, it is true, especially asks for relief on the averment that the subsequent taking of the Charman lease by Alo was a breach of the covenant above mentioned.   This ground is not sustained by the proofs.   But the other facts averred in the bill, and above mentioned, entitled the plaintiffs to the same relief.

6.   The bill particularly averring that the water-course was necessary for irrigating the demised premises; that the lessors informed the plaintiffs that it was demised to them as appurtenant; and that the plaintiffs in ignorance of their rights, and upon ascertaining that otherwise the water would be diverted, took the lease of the water-course which was their own property, there is no occasion to dismiss the bill and leave the plaintiffs to their remedy by a third bill.

## By the Court.

The substantial ground claimed is set forth in paragraph 1, where it is stated that the fact that it, the leased kuleana and water-right, was made appurtenant by the act of one of the lessors, is enough to make it pass under the lease as one of the appurtenances; and in paragraph 4, which proceeds upon this postulate and states the relief therein required

It appears to us that the Court has not "overlooked" the question whether the water-right owned by Charman had been made appurtenant by the act of his lessee to the other leased premises.   This was the principal controversy in the first bill, and it was held that the evidence of its being an ancient and appurtenant right was insufficient.   No appeal was taken from this decision.

Upon the second bill, which is now sought to be reconsidered, the Court in its decision says: "There is no allegation in the bill that this Charman kuleana with the water-right was made by defendants parcel of the demised premises, or that the water was appurtenant thereto."

But if the allegation of appurtenance was not made in the bill, it cannot have been "overlooked" by the Court.

It is certainly stated in the bill that the plaintiffs were informed by their lessors that the water-course and water-right were demised to them as appurtenant to the demised premises; but this is very different to the allegation that the leased kuleana and water-right were made appurtenant by the act of the lessors.

We see, therefore, nothing which brings this case within the description of matter for re-argument.

The motion is denied.

*A. S. Hartwell*, for plaintiffs.

*Paul Neumann*, for defendants.

---

### DISSENTING OPINION OF DOLE, J.

The first bill avers that "the said auwai and water-right was at the time of making said first mentioned lease and ever since has been and now is appurtenant to the said land, and that the said auwai is an ancient ditch, and the plaintiffs were at the time of making said first mentioned lease and ever since have been and now are well entitled to the use of the same, and of the water that flows therein, by virtue of their said first mentioned lease."

The opinion upon this bill says, "the evidence as to this auwai being ancient, and of the right of user by the occupiers of the land comprised in the first lease, is contradictory, and is not, to my mind, sufficient to support the claim made by the bill in that respect," thus showing that the first bill was dismissed upon the question whether the auwai was an ancient one, and presumably whether the water flowing through it has be-

come appurtenant to the land in question through long usage. The opinion, in dismissing the bill, uses these words : "The bill must be dismissed without prejudice to the right of the plaintiffs to file a fresh bill."

The second bill avers, "which said water-course, together with the water right belonging thereto, your orators, at the time of taking the lease, were informed by their said lessors, was demised unto them as appurtenant to the demised premises."

The banco decision upon this bill says, "there is no allegation in the bill that this Charman kuleana with the water-right was made by the defendants parcel of the demised premises, or that the water was appurtenant thereto."

It would appear from this that the decision did overlook the averment of the second bill above quoted.

As a matter of fact, the land through which the water-course passed before reaching the land in question was in the possession of one of the lessors at the date of the lease to the plaintiffs, which circumstance would give some support to the allegation that the lessors informed the plaintiffs at the date of the lease that the water-course and water-right were demised to them as appurtenant to the demised premises, as showing that they were in a position to make such assurance.

Kent says, 4th Com., 468, "A conduit conveying water to the lands sold from another part of the lands of the grantor, will pass as being necessary or quasi-appendant thereto."

It seems to me that whereas the decision on the first bill disposed only of the question of an ancient water-right appurtenant to the lands in question, and dismissed the bill without prejudice to the right of the plaintiffs to bring a new bill, and the second bill does allege an assurance of the lessors that the water-course and water-right are demised as appurtenant to the land, they or one of them being at the time the holder of the land through which the water-course passed, and the Court in banco overlooking in its decision this averment, as it appears to me, the motion for re-argument should be granted.