## IN THE MATTER OF THE PETITION OF LEWERS & COOKE, LTD.

### PETITION FOR REHEARING.

ARGUED APRIL 20, 1908.                    DECIDED MAY 4, 1908.

### HARTWELL, C.J., WILDER AND BALLOU, JJ.

APPEAL AND ERROR—*petition for rehearing denied.*

The petition for rehearing in the case of *In re Lewers & Cooke, Ltd.*, 18 Haw. 625, is denied, the petition disclosing no substantial grounds within the rule and oral argument not leading the court to modify its previous conclusions.

### OPINION OF THE COURT BY BALLOU, J.

The petitioner's petition for a rehearing of the decision in this case (*In re Lewers & Cooke, Ltd.*, 18 Haw. 625), contained the usual averments that the decision was in conflict with an express statute and with controlling decisions and that questions decisive of the case and duly submitted were overlooked by the court, but upon oral argument upon the petition the argument was devoted almost wholly to a restatement and reargument of the case in general. A case thus presented is naturally stronger than when counsel have not the advantage of an opinion of the court as a basis for argument, but aside from the lack of any substantial showing bringing the case within the usual rule for rehearing (*Ung Wo Sang Co. v. Alo,* 7 Haw. 306), we have not been led to any change in the conclusions arrived at upon the previous hearing.

The petition alleges that the previous decision is in conflict with an express statute, viz., R. L. Sec. 2407 as amended by Act 43 S. L. 1907. This statute provides that appeals from the court of land registration solely upon points of law may be taken to the supreme court, and upon issues of fact to the circuit court sitting with a jury. The alleged conflict is summarized in the

allegation that "the attitude of the court is colored all through with the unconscious impression that the supreme court was deciding the case on the facts." As there has been no reversal of any findings of fact of the court of land registration and counsel upon argument could specify none, the point warrants no further notice.

The controlling decisions which it is alleged were not brought to the attention of the court through neglect or inadvertence of counsel are for the most part the long line of Hawaiian decisions cited in the previous briefs and commented on at length in the decision. Besides these some cases from the Supreme Court of the United States were cited where the judgments of a land commission sitting in California to decide claims under Mexican land grants had been attacked in equity. It is sufficient to contrast the statutory enactments regarding the Hawaiian land commission (R. L. pp. 1160, 1164), with the statute relied upon in the leading case cited to the effect that "the final decrees rendered by the commissioners or by the District or Supreme Court of the United States or any patent to be issued under the act shall be conclusive between the United States and the said claimants only and shall not affect the interests of third persons. 9 Stat. at Large, 634;" *Meader v. Norton,* 11 Wall. 442, 457.

Other cases hold that a land patent from the executive department of the government or a right adjudicated by a local board of limited jurisdiction may be decreed in equity to be held in trust for the person beneficially entitled. *Johnson v. Towsley,* 13 Wall. 72; *Rector v. Gibbon,* 111 U. S. 276, but in these cases also the language of the statutes and the character of the board are essentially different, particularly in the absence of the direct appeal to the Supreme Court provided by the Hawaiian statute. In instances where the doctrine of these cases applies it makes no difference that the plaintiff has contested the case to the highest tribunal or officer having jurisdiction

(*Rector v. Gibbon,* supra), yet it would hardly be contended that after an appeal from the Hawaiian land commission to the Supreme Court, a contestant could begin again in a court of equity.

There was also an attempt to distinguish the cases cited in *Lawrence Mfg. Co. v. Janesville Mills,* 138 U. S. 552, on the ground that in no case was a party allowed to take advantage of the neglect of his predecessor in title to obey the decree alleged to be erroneous. This distinction is nowhere recognized in terms, and outside of the question of its application to the case of minors whose guardian neglected to convey, it is not supported by the cases. In *Hamilton v. Houghton,* 2 Bligh 169, the appellant's ancestor, Sir John Stewart Hamilton, was in default in the nonpayment of money; in *Johnson v. Northy,* Finch Prec. in Chan. 134, the respondent's predecessor Lady Lovelace, was in default in the nonexecution of an absolute decree in a contested case. As to the American cases, we do not think that *Gay v. Parpart,* 106 U. S. 679, was decided on the narrow ground that the decree of partition failed to order a conveyance, and in *Lawrence Mfg. Co. v. Janesville Mills,* 138 U. S. 552, 561, no stress whatever is laid upon the incompleteness of the first decree, but it was assumed for the purposes of the decision that the defendant was bound and consequently in default.

It is contended that while the doctrine of "the law of the case" is not technically applicable to the case at bar owing to the difference in parties, yet the principle of stare decisis should be applied and this particular property should be treated as governed by the law of the decree of 1858 even though now thought to be erroneous. *Bibb v. Bibb,* 79 Ala. 437. The doctrine of stare decisis in this sense, however, is applied only when the rights of innocent purchasers for value have intervened as to the particular property, and the petitioner in this case, which is the only party claiming to have bought for value, bought

pendente lite with the knowledge of appellant's pending action in ejectment and of the counter petition in equity admitting that the legal title was outstanding and praying for the enforcement of the old decree. It is in the same position as that of Windett in *Gay v. Parpart,* 106 U. S. 679, 696.

It is also urged that the petitioner had a right to rely upon the decision in *Kapiolani Est. v. Atcherley,* 14 Haw. 651. In that case, however, there was no decree or other formal action of the court fixing the rights of the parties. The decision was on demurrer which is by no means conclusive as predicting the final determination of the case after the defendant has answered and brought evidence to sustain its own version of the facts, together with such new points as could not be raised upon the face of the complaint. This is particularly true in a case in which the action of the court was apparently to be a matter of discretion. After that decision the defendants answered at length and the Kapiolani Estate, Ltd., did not press the case to trial but sold to the present petitioner with the case still pending. If the petitioner was entitled to rely on anything it would be only upon the general principles of law announced by the court in its decision, to be gathered by a comparison of the two concurring opinions. For certain reasons there stated, mainly involving practice in suits against minors, the court were of the opinion that the decree of 1858 should not be reopened for examination, apparently in the sense of a retrial of the cause upon the testimony of witnesses. The court in the present case upon a principle of law not there alluded to, namely, that the decree of 1858 was erroneous in a fundamental principle, reached the conclusion that that decree should not be enforced. We are still of the opinion, although the question appears to be somewhat academical, that that is not an overruling of the previous decision.

We are unable to find anything affecting the rights of the appellant in the circumstance that shortly after the decree of

1858 Armstrong, who had been guardian of the minors, took a mortgage in his individual capacity from Kalakaua, reciting that the land in question had been "granted to said D. Kalakaua by a decree of the Chief Justice of the Supreme Court." Were the opinion of Armstrong on the effect of the decree in any way material we should draw the inference that he thought it was self executing, which might explain his neglect to make a conveyance.

We are also unable to find anything material in a stipulation in *Kapiolani Estate, Ltd., v. Atcherley,* alleged to have been accidentally omitted from the record in this case, whereby, after bill and answer, the answer was withdrawn and an amended bill filed subject to a general demurrer and appeal from a pro forma dismissal in order to effectuate "the desire of both counsel for plaintiff and defendant herein that the question of res judicata under the proceedings in equity set up in plaintiff's bill of complaint herein be first adjudicated and settled, thereby determining whether further litigation between the parties hereto is necessary or not." While we see nothing in the stipulation which would improve the position of the plaintiffs in that case or the present petitioner as its successor in title, we are of the opinion that the opinion and decision of the supreme court upon the appeal should not be controlled, limited or construed by any reference to a stipulation of parties concerning the purpose of the appeal.

The petition for rehearing is denied.

*Lyle A. Dickey* and *E. M. Watson* for Mary H. Atcherley.

*D. L. Withington* and *R. B. Anderson* for Lewers & Cooke, Ltd.