ROSA P. STEELE VINCENT vs. CHARLES VINCENT.

IN EQUITY.   No. 8241.

{ Decided October 27, 1884.
{ Justices MAC ARTHUR, HAGNER and JAMES sitting.

1. A decree may be amended or corrected on motion where the amendment or correction desired is merely to conform the decree to the decision of the court, as where there has been a mistake in computation, or a mistake of the clerk in entering the decree or the like; but where the decree is attacked in its terms and substance or where any of its material provisions are sought to be varied, a rehearing of the case is the proper practice, and though this court has countenanced the practice of altering a decree even in its material provisions, upon motion, it is in substance really a motion for a rehearing.

2. A party who moves the court by petition to alter one of the provisions of the decree cannot appeal from the decree until his motion is disposed of; such an appeal will be dismissed on motion.

THE CASE is stated in the opinion.

JEFF. CHANDLER and H. W. GARNETT for plaintiff.

WM. E. EARLE for defendant.

Mr. Justice MAC ARTHUR delivered the opinion of the court.

This is a bill for a divorce filed by the wife against the husband. The husband answered and defended on the ground that he was not obnoxious to the charges of the bill which were that he was an habitual drunkard, and had been for three years previously thereto, and had committed such legal violence as amounts to cruelty under our statutes which would justify a divorce on that ground as well. He filed a cross bill after the testimony had been taken upon the original bill and answer, in which he recriminated upon her the charge of adultery. To this cross-bill the plaintiff answered, denying the material allegations. Testimony was taken in regard to both these branches of the case, and the original bill and the cross-bill were heard at the same time and disposed of in the same decree. The decree dismissed the cross-bill and sustained the original bill, and granted the divorce prayed for by the complainant. There were three children, all of whom were confided by the de-

cree to the custody of the wife with a reasonable opportunity of being visited by the defendant.

The case was presented here first upon a motion to dismiss the appeal. The discussion of that motion was postponed until the general hearing of the case, when it, as well as the case upon its merits, were submitted together.

The motion arises upon the practice which has been pursued in the special term immediately following the passage of a decree. The decree of divorce was granted on the 2d of October, 1883. On the 4th of the same month, or two days afterwards, the defendant filed a petition to alter the decree in regard to the custody of the children, giving him greater privileges with regard to access, and requiring the complainant to have them within the District of Columbia for four months during the year, and that she should permit them to visit the mother of the defendant alternate Sundays. That was the prayer of the petition. We have been unable to find in the papers the petition itself, but the counsel on the argument concur that in its purport and contents it was a petition to alter the decree. That was on the 4th of October, and on the 6th, two days after this petition was filed, an appeal was taken, and on November 3d the decree was altered in that respect, but during the same term in which the original decree was passed.

We have, then, a decree, a petition to alter the decree, third, an appeal, and fourth a decision upon the petition granting the relief prayed for by the defendant. It is contended that by making the motion to alter the decree the defendant was estopped from taking an appeal during its pendency, or until it had either been withdrawn or determined, and that, in any event, inasmuch as he filed the petition and pressed it to a final determination, thereby obtaining the relief which he sought for, it was a waiver of the appeal which had been taken. Upon these grounds the motion to dismiss the appeal was argued.

Now, it is so well established that it is no longer a matter of dispute, that the Special Term has the right of modifying its decrees during the term. This is sometimes done by

41

motion, and sometimes it is done upon a rehearing of the case itself. When there is any amendment or correction to be made in the decree in order to make it conform to the decision of the court, as where there has been a mistake in computation, or a mistake of the clerk in entering it, or any other mistake which does not conform the decree to the decision of the court, there can be no doubt that a motion to that effect may be made. The general chancery practice requires, however, that if the decree is attacked in its terms and substance, or any of its material provisions are sought to be varied, you must ask for a rehearing of the case, and that such relief cannot be granted upon a motion. With us, however, I believe that very frequently this relief is granted upon motion. I suppose it is a much easier mode of practice; it is less expensive and less troublesome, and therefore the practice has been countenanced of altering a decree even in its material provisions upon motion; but it is in substance really a motion for a rehearing.

Now, can a party who makes a motion to rehear his case afterwards take an appeal from the decree which he wishes to have reheard? We think not. We are of opinion that the petition to alter the decree should have been disposed of before the appeal was taken, and that no appeal could be taken until that motion was disposed of. Especially must this be the practice when the petition has been heard and determined, and the relief which has been prayed for has been granted. It was likened to the issuing of an execution after an appeal had been taken to the Supreme Court of the United States from one of the circuits. As we all know, the execution may issue notwithstanding the appeal unless it has been superseded; but if a party under these circumstances should file his bond, of course the case would be superseded and all proceedings would be stayed.

But that is not the case here. Here is a party asking for an alteration of the decree itself, and subsequently taking an appeal from that decree. We are of opinion that the practice adopted in this respect is erroneous, and that there

has been no valid appeal in this case in consequence of this irregularity.

But this case was, at the suggestion of the court, argued at the same time with the motion. It was argued with great earnestness and much ability, and counsel for both the parties have also furnished the court with very carefully prepared briefs in the case, and we think in justice to the case and in justice to the parties the court should express an opinion upon the merits, for the purpose of obviating the trouble, the anxiety, and perhaps the scandal which will attend a further and useless litigation of this case. We have therefore concluded that it was due to the case that we should examine it and pronounce upon its merits.

Now, without going into the details of the testimony that was taken for the purpose of sustaining the cross-bill which charged adultery upon the complainant, we are all very clearly of opinion that the testimony is insufficient to establish the charge. It is not my purpose to go over the testimony upon this branch of the case, but simply to announce our conclusion that the charge is not sustained by the testimony. The case then is left upon the original bill and testimony.

[His honor here reviewed the testimony as to the charges made in the original bill, and, concluding, said:]

We think it would be impossible for an impartial man to come to any other conclusion in this case than that the charge of habitual drunkenness is sustained by the testimony. So if there was a valid appeal in this case we should have to affirm the decree. But, as it is, we shall simply have to dismiss the appeal and remand the case for further proceedings in the Special Term. There is an application for an attachment against the defendant, and the order made here will contain a direction to the Special Term to proceed with that application. The appeal must therefore be dismissed, and the case remanded for further proceedings.