# NORTHERN PACIFIC RAILROAD COMPANY *v.* HOLMES.

ERROR TO THE SUPREME COURT OF THE STATE OF WASHINGTON.

No. 64.    Argued November 9, 1894. — Decided November 12, 1894.

This court has no jurisdiction to review a judgment of the Supreme Court of the State of Washington, denying a petition for a rehearing which had been presented to the Supreme Court of the Territory of Washington touching a cause therein decided, and had been transferred to the Supreme Court of the State under the provisions of the act of February 22, 1889, c. 180, 25 Stat. 676, admitting that State to the Union.

MOTION to dismiss.    The case is stated in the opinion.

*Mr. W. R. Andrews* for the motion.

*Mr. A. H. Garland*, and *Mr. James McNaught* opposing.

MR. CHIEF JUSTICE FULLER delivered the opinion of the court.

James Holmes recovered judgment in the District Court of the Fourth Judicial District of the Territory of Washington against the Northern Pacific Railroad Company; the railroad company prosecuted an appeal therefrom to the Supreme Court of the Territory, and the judgment was affirmed by that court on February 2, 1888.    Thereupon, and on the same day, the Supreme Court of the Territory, on the application of plaintiff in error, entered an order granting it leave to file a petition for rehearing on or before July 17, 1888, giving sixty days after the determination of the petition within which to perfect proceedings upon appeal in the event that the petition should be denied, and staying all proceedings and withholding a remittitur pending the filing and determination of the petition and for sixty days thereafter.

The State of Washington was admitted into the Union November 11, 1889, and on March 8, 1890, an order was entered by the Supreme Court of the State, reciting the affirm-

ance of the judgment by the Supreme Court of the Territory and the order of that court of February 2, 1888, and further, that "the said petition having been filed within the time provided by the order of said court and having been pending undetermined at the time of the admission of the State of Washington and the organization of this, the Supreme Court of the State, and this court having directed the defendant in error to answer said petition, the said answer having been filed within the time provided by said order, and said petition and answer having been taken under advisement by this court, now, on this 8th day of March, A.D. 1890, the court being fully advised in the premises, denies said petition for rehearing; to which ruling and judgment, as well as the judgment of the Supreme Court of said Territory affirming the judgment of said District Court, plaintiff in error, by its counsel, excepts, and said exception is allowed." And it was ordered " that a writ of error to the Supreme Court of the United States to the judgment of the Supreme Court of the Territory of Washington, now a record of this court, and to the judgment, order, and ruling of this court upon the petition for rehearing, be and hereby is allowed." Supersedeas bond was given and approved, a writ of error issued, and citation signed and served.

It is well settled that if a motion or petition for rehearing is made or presented in season and entertained by the court, the time limited for a writ of error or appeal does not begin to run until the motion or petition is disposed of. Until then the judgment or decree does not take final effect for the purposes of the writ of error or appeal. *Aspen Mining and Smelting Co.* v. *Billings,* 150 U. S. 31, 36; *Voorhees* v. *Noye Mf'g Co.,* 151 U. S. 135.

Under sections 22 and 23 of the act of Congress of February 22, 1889, c. 180, providing for the admission of the State of Washington into the Union, (25 Stat. 676, 682, 683, printed in the margin,[1]) this petition, which was pending in the

---

[1] "SEC. 22. That all cases of appeal or writ of error heretofore prosecuted and now pending in the Supreme Court of the United States upon any record from the Supreme Court of either of the Territories mentioned in this act,

Supreme Court of the Territory at the time of the admission
of the State, became a matter over which the state court had

___

or that may hereafter lawfully be prosecuted upon any record from either
of said courts, may be heard and determined by said Supreme Court of the
United States. And the mandate of execution or of further proceedings
shall be directed by the Supreme Court of the United States to the Circuit
or District Court hereby established within the State succeeding the Terri-
tory from which such record is or may be pending, or to the Supreme Court
of such State, as the nature of the case may require. . . . And each of
the Circuit, District, and state Courts, herein named, shall, respectively,
be the successor of the Supreme Court of the Territory, as to all such cases
arising within the limits embraced within the jurisdiction of such courts
respectively with full power to proceed with the same, and award mesne or
final process therein; and that from all judgments and decrees of the
Supreme Court of either of the Territories mentioned in this act, in any
case arising within the limits of any of the proposed States prior to ad-
mission, the parties to such judgments shall have the same right to prose-
cute appeals and writs of error to the Supreme Court of the United States
as they shall have had by law prior to the admission of said State into the
Union.

"Sec. 23. That in respect to all cases, proceedings, and matters now
pending in the Supreme or District Courts of either of the Territories
mentioned in this act at the time of the admission into the Union of either
of the States mentioned in this act, and arising within the limits of any
such State, whereof the Circuit or District Courts by this act established
might have had jurisdiction under the laws of the United States had such
courts existed at the time of the commencement of such cases, the said
Circuit and District Courts, respectively, shall be the successors of said
Supreme and District Courts of said Territory; and in respect to all other
cases, proceedings, and matters pending in the Supreme or District Courts
of any of the Territories mentioned in this act at the time of the admission
of such Territory into the Union, arising within the limits of said proposed
State, the courts established by such State shall, respectively, be the suc-
cessors of said Supreme and District Territorial Courts; and all the files,
records, indictments, and proceedings relating to any such cases, shall be
transferred to such Circuit, District, and state Courts, respectively, and the
same shall be proceeded with therein in due course of law; but no writ,
action, indictment, cause, or proceeding now pending, or that prior to the
admission of any of the States mentioned in this act, shall be pending, in
any territorial court in any of the Territories mentioned in this act, shall
abate by the admission of any such State into the Union, but the same
shall be transferred and proceeded with in the proper United States Circuit,
District or state court, as the case may be: *Provided, however,* That in all
civil actions, causes, and proceedings, in which the United States is not a
party, transfers shall not be made to the Circuit and District Courts of the

jurisdiction. The court took jurisdiction, and might, in its exercise, have granted a rehearing and reversed the judgment, but, upon consideration, both parties presenting their views, saw fit to refuse the rehearing, and thereby to confirm the action of the Supreme Court of the Territory in affirming the judgment. It was then that the judgment took final effect for the purposes of the writ of error, and plaintiff in error so regarded it. But plaintiff in error could not take the writ to the Supreme Court of the Territory, for when that court ceased to exist, a petition for rehearing was pending, which, after the admission, could not be disposed of by that court, and which plaintiff in error did not deem expedient to withdraw or abandon. And if the petition and the case could have been transferred to the Circuit Court of the United States because plaintiff in error was a corporation created by the United States, *Glaspell* v. *Northern Pacific Railroad*, 144 U. S. 211, that could only have been done upon request, and no request to that effect was preferred. On the contrary, plaintiff in error elected to continue the jurisdiction of the cause in the Supreme Court of the State, and as no Federal question was involved and the judgment could not take effect so far as a review of it on error was concerned until after the state court acted, and only through that action, the writ of error cannot be maintained. Moreover, the judgment of the Supreme Court of the Territory was rendered February 2, 1888, and the writ of error was not brought until more than two years thereafter, and, therefore, too late, unless the time of the pendency of the petition in that court were deducted, which is quite inadmissible in view of the fact that the petition remained pending notwithstanding the admission of the State had terminated the existence of the court in which it was originally filed. The result is that the writ of error must be

*Dismissed.*

---

United States, except upon written request of one of the parties to such action or proceeding filed in the proper court; and in the absence of such request such cases shall be proceeded with in the proper state courts."