# HARRISON *v.* MAGOON.

ERROR TO THE SUPREME COURT OF THE TERRITORY OF HAWAII.

No. 107.   Submitted March 18, 1907.—Decided April 22, 1907.

Where no right of appeal existed when the final judgment was entered in the Supreme Court of a Territory, an appeal or writ of error will not lie under the act of March 3, 1905, 33 Stat. 1035, granting appeals in certain cases, because after final judgment a petition for rehearing was entertained and not finally denied until after the passage of the act.

Writ of error to review, 16 Hawaii, 332, dismissed.

THE facts are stated in the opinion.

*Mr. D. L. Withington, Mr. A. G. M. Robertson* and *Mr. W. R. Castle* for plaintiff in error.

*Mr. E. B. McClanahan, Mr. J. A. Magoon, Mr. F. B. Mc-Stocker* and *Miss Dorothea Emerson* for defendants in error.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is a writ of error to review a judgment for the defendants in a suit upon a contract. 16 Hawaii, 332. At the trial a nonsuit was ordered, subject to exceptions taken by the plaintiff. A motion for a new trial was made but was dismissed, and this dismissal also was excepted to. The Supreme Court held that the former exceptions were presented too late, but that the latter was open and raised the question whether the judgment of nonsuit was right as matter of law. It discussed this question and sustained the judgment. This was on December 14, 1904. In January, 1905, a petition for rehearing was filed; it was entertained by the court, and, after argument, was denied on March 6, 1905. The defendants in error now move to dismiss, the main ground being that the Act of March 3, 1905, c. 1465, § 3, 33 Stat. 1035, amending the Act of April 30, 1900, c. 339, § 86, 31 Stat. 141, 158, granting writs of error, &c., does not apply.[1]

It is answered for the plaintiff in error that, as the petition for rehearing was entertained and acted upon by the Supreme Court of the Territory, the time to be considered is the date when the petition was denied, and that that was after the statute went into effect. *Voorhees* v. *John T. Noye Manufacturing Co.*, 151 U. S. 135; *Northern Pacific Railroad Co. v.*,

---

[1] Act of April 30, 1900, c. 339, § 86 ". . . The laws of the United States relating to appeals, writs of error, removal of causes, and other matters and proceedings as between the courts of the United States and the courts of the several States shall govern in such matters and proceedings as between the courts of the United States and the courts of the Territory of Hawaii. . . ."

Amended by Act of March 3, 1905, c. 1465, § 3, by adding at the end of the section: "*Provided*, That writs of error and appeals may also be taken from the Supreme Court of the Territory of Hawaii to the Supreme Court of the United States in all cases where the amount involved, exclusive of costs, exceeds the sum or value of five thousand dollars."

*Holmes,* 155 U. S. 137. No doubt the decisions cited and others show that where a right to take the case up exists at the time of the original judgment, the time limited for the writ of error on appeal does not begin to run until the petition for rehearing is disposed of. But there are limits to even that rule. When an appeal in bankruptcy, required by General Orders in Bankruptcy, xxxvi, 2, to be brought within thirty days after the judgment or decree, was not brought within that time, the fact that a petition for rehearing was filed within the time required by the court below, but after the thirty days, was held not to prolong the time for appeal. "The appellant could not reinvest himself with that right by filing a petition for rehearing." *Conboy* v. *First National Bank of Jersey City,* 203 U. S. 141, 145. If at the time of final judgment there is no right of appeal whatever, it is perhaps even plainer that a party cannot evoke a new one by filing a petition for rehearing, even if, by accident, it is kept along until an act giving an appeal is passed. Whether in any event a writ of error would lie in this case it is unnecessary to decide.

*Writ of error dismissed.*