# FORE RIVER SHIPBUILDING COMPANY *v.* HAGG.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF MASSACHUSETTS.

No. 75. Submitted December 16, 1910.—Decided January 3, 1911.

This court takes notice of, and inquires as to, its own jurisdiction, whether the question is raised by counsel or not. *Mansfield &c. Ry. Co.* v. *Swan,* 111 U. S. 379.

Section 5 of the Court of Appeals Act of March 3, 1891, c. 577, 26 Stat. 826, gives a direct review of the judgment of the Circuit Court as to its jurisdiction, not upon general grounds of law or procedure but of the jurisdiction of the court as a Federal court. *Louisville Trust Co.* v. *Knott,* 191 U. S. 275; *Bache* v. *Hunt,* 193 U. S. 523.

Where jurisdiction by diversity of citizenship exists, the question of whether the Circuit Court has jurisdiction to enforce the decree of another sovereignty is a question of general law and not a question peculiar to the jurisdiction of the Federal court as such, and a direct appeal will not lie to this court from the judgment of the Circuit Court.

THE facts, which involve the jurisdiction of this court of a direct appeal under § 5 of the Circuit Court of Appeals Act of 1891, are stated in the opinion.

*Mr. John Lowell* and *Mr. James A. Lowell* for plaintiff in error.

*Mr. Asa P. French* and *Mr. James S. Allen, Jr.*, for defendant in error.

MR. JUSTICE DAY delivered the opinion of the court.

This case is here upon a question involving the jurisdiction of the Circuit Court of the United States for the District of Massachusetts to entertain the action. It was begun in the Circuit Court by Selma T. Hagg, a citizen of Sweden, against the Fore River Shipbuilding Company, a corporation of the Commonwealth of Massachusetts. The object of the suit was to recover damages under the Employers' Liability Act of Massachusetts (Revised Laws, chap. 106, § 73), and was for the death, without conscious suffering, of her husband, Charles A. Hagg, an employé of the defendant company, resulting from an injury received in the defendant's forge shop in Quincy, Massachusetts. The action resulted in a verdict and judgment for the plaintiff below. The defendant below moved the court to dismiss the action on the ground that it was without jurisdiction, for the reason that the Massachusetts statute was of a penal character, and therefore an action upon it could be maintained only in the courts of Massachusetts. The case comes here upon certificate of the judge of the Circuit Court, and the question stated is, "whether or not the statute under which the plaintiff's action was brought was of such a penal character that the Circuit Court did not have jurisdiction of said action." In behalf of the defendant company, now plaintiff in error, it is contended that a penal action of this character

can be brought only in the courts of Massachusetts, and it is insisted that such is the rule applicable to cases of this character as between separate and distinct sovereignties. It is argued that the act under which the suit was brought is a penal statute, and it is insisted that the wrong done is primarily an offense against the public, and the relief sought not of the class of actions remedial in their nature, wherein recovery is given in the form of compensation to the widow or children of the deceased, which actions have been sustained in the courts of States other than those enacting the statute.

The question presented, therefore is, whether owing to the character of the Massachusetts act, the courts of another sovereignty will enforce its provisions, or whether the sole remedy is under the laws of the Commonwealth enacting the statute.

This court takes notice of its own jurisdiction, and whether the question is raised by the counsel or not, inquires of its own motion whether there is jurisdiction to entertain any given case before it. *Mansfield, Coldwater & Lake Michigan Ry. Co.* v. *Swan*, 111 U. S. 379–382.

In that case Mr. Justice Matthews, who spoke for the court, said:

"On every writ of error or appeal, the first and fundamental question is that of jurisdiction, first, of this court, and then of the court from which the record comes. This question the court is bound to ask and answer for itself, even when not otherwise suggested, and without respect to the relation of the parties to it."

We shall then inquire, Has this court jurisdiction to entertain this attempt at a direct review of the Circuit Court's judgment certified here upon the question of jurisdiction? By the Court of Appeals Act of March 3, 1891 (c. 517, 26 Stat. 826), a writ of error may be taken directly from a Circuit Court to this court in certain cases, among which is "any case in which the jurisdiction of

the court is in issue;" and it is further provided: "In such cases the question of jurisdiction alone shall be certified to the Supreme Court from the court below for decision." The question then is, Does this case involve a question of jurisdiction reviewable in the manner sought in this case by writ of error to the Circuit Court?

The court has had frequent occasion to determine what is meant in the statute providing for review of cases in which the jurisdiction of the court is in issue, and it has been held that the statute means to give a review, not of the jurisdiction of the court upon general grounds of law or procedure, but of the jurisdiction of the court as a Federal court.

A leading case on this subject, and one frequently cited with approval since its decision, is *Louisville Trust Company* v. *Knott*, 191 U. S. 225. In that case a state court had taken jurisdiction of an action in equity in which a receiver was asked for and none had been appointed at the time when another suit was begun in the Circuit Court of the United States and a receiver appointed therein. Thereafter the state court which had first taken jurisdiction appointed a receiver, and upon its direction that receiver intervened in the Federal court and asked to have the property turned over to him. The Circuit Court of the United States maintained its own jurisdiction, and refused to give the property to the state receiver. The case came to this court upon certificate of a question involving the jurisdiction of the Circuit Court of the United States. This court dismissed the writ of error for want of jurisdiction, holding that the question presented was one of the equity jurisdiction of one court as against the like jurisdiction in another court, and did not present a distinctive question as to the jurisdiction of the Federal court as such. The former cases were reviewed, and Mr. Justice Harlan, who spoke for the court, said:

"The question of jurisdiction which the statute permits

to be certified to this court directly must be one involving the jurisdiction of the Circuit Court as a Federal court, and not simply its general authority as a judicial tribunal to proceed in harmony with established rules of practice governing courts of concurrent jurisdiction as between each other."

See also in this connection *Bache* v. *Hunt*, 193 U. S. 523, in which the same principle is announced.

Applying the rule thus settled to the case under consideration, there was jurisdiction in the Circuit Court of the United States for the District of Massachusetts under the judiciary act, as the plaintiff was a citizen of Sweden and the defendant shipbuilding company a corporation of Massachusetts. Thus having jurisdiction, it was at liberty to decide all questions properly before it, including the one whether, under the applicable principles of law, a court of another sovereignty would enforce a cause of action based upon the Massachusetts statute. But the determination of that question did not involve the jurisdiction of the Circuit Court as a Federal court. It was a question to be decided upon the application of the same principles as would apply had the action been brought in a court of another State or nation. Whether other sovereignties would enforce penal actions of the character alleged to arise under the Massachusetts statute was not a question peculiar to the Federal jurisdiction of the court. It was general in its nature and to be determined upon principles controlling in other courts as well as those of Federal creation.

Without enlarging the discussion, and applying principles thoroughly settled in this court, we are of opinion that a direct writ of error will not lie from the determination of the Circuit Court of the United States to exercise its jurisdiction in the present case. The writ of error is therefore dismissed for want of jurisdiction.

*Dismissed.*