# DOYLE *v.* DISTRICT OF COLUMBIA.

# DOYLE *v.* DISTRICT OF COLUMBIA.

APPEAL AND ERROR.

1. The twenty days limited by rule 10 of this court for the filing of an appeal bond on appeal from judgment of the court below begins to run from the date of the overruling of a motion to vacate the judgment, if seasonably filed.

2. An appeal will not lie from an order overruling a motion to vacate a judgment, but the appeal must be taken from the judgment itself, and an appeal from such an order will be dismissed. (Following *Tubman* v. *Baltimore & O. R. Co.* 20 App. D. C. 541; *Dante* v. *Bagby*, 39 App. D. C. 516; and *Swenk* v. *Nicholls*, 39 App. D. C. 350).

Nos. 2928 and 2929. Submitted March 28, 1916. Decided April 10, 1916.

MOTION by the appellee to dismiss appeals. *Granted.*

The facts are stated in the opinion.

*Mr. Conrad H. Syme,* Corporation Counsel, for the motion.

*Mr. E. Hilton Jackson* opposed.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

These cases are before us on motion to dismiss the appeals.

It appears that on December 13, 1915, judgment was entered in favor of the District of Columbia. Three days later, motions to set aside the judgment and grant a new trial were filed by counsel for appellants. On January 8, 1916, the motions to vacate the judgment were denied. On January 11, 1916, an appeal bond was approved and filed. This action was taken after a lapse of twenty-three days, exclusive of Sundays and legal holidays, from the date of the entry of the judgment. It is provided by rule 10 of this court that the bond must be filed "within twenty days after the order, judgment, or decree complained of shall have been made." It is insisted that the filing of the bond was too late to perfect the appeals.

The motions to vacate the judgment were timely, and, until they were disposed of by order of the court, the time for the perfecting of the appeals remained suspended. As was said in *Aspen Min. & Smelting Co.* v. *Billings,* 150 U. S. 31, 37 L. ed. 986, 14 Sup. Ct. Rep. 4: "The rule is that if a motion or a petition for rehearing is made or presented in season and entertained by the court, the time limited for a writ of error or appeal does not begin to run until the motion or petition is disposed of. Until then the judgment or decree does not take final effect for the purposes of the writ of error or appeal. *Brockett* v. *Brockett,* 2 How. 238, 241, 11 L. ed. 251, 252; *Texas & P. R. Co.* v. *Murphy,* 111 U. S. 488, 28 L. ed. 492, 4 Sup. Ct. Rep. 497; *Memphis* v. *Brown,* 94 U. S. 715, 24 L. ed. 244." This ruling was affirmed in the case of *Voorhees* v. *John T. Noye Mfg. Co.* 151 U. S. 135, 38 L. ed. 101, 14 Sup. Ct. Rep. 295. This rule is founded in sound reason to prevent the unnecessary perfecting of an appeal in the face of a possible vacation of the judgment and the granting of a new trial by the court below. The convenience of the court causes the delay, and it is only proper that it should operate to suspend the running of the time under the rule, and not require the defeated party to do, possibly, a useless thing in order to preserve his rights.

But a more serious ground for the motion arises from the fact that the appeals were taken, not from the judgment of the court in favor of the District of Columbia, but from the orders of the court denying the motions to vacate the judgment and grant new trials. That an appeal must be taken from the judgment, and not from the order denying the motion to vacate the judgment, is settled practice in this court. In the case of *Dante* v. *Bagby*, 39 App. D. C. 516, the court, holding that the appeal should be taken from the judgment itself, and not from an order refusing to set it aside, said: "It will be observed that the appeal was taken from the order denying the motion to vacate the judgment. Appeal does not lie from such an order. The motion is addressed to the discretion of the court, and is intended to furnish the court an opportunity to correct its own error. If the right of appeal could be revived by a motion of this sort, it would enable the defeated party to fix his own time for review, thus delaying indefinitely the enforcement of the judgment. The right of appeal from a similar order was denied in *Swenk* v. *Nicholls*, 39 App. D. C. 350, where the court said: 'Appeal should have been taken from the judgment, and not from the refusal of the court to set aside said judgment. *Tubman* v. *Baltimore & O. R. Co.* 20 App. D. C. 541; *Conboy* v. *First Nat. Bank*, 203 U. S. 141, 145, 51 L. ed. 128, 130, 27 Sup. Ct. Rep. 50.'"

The motion to dismiss the appeals is sustained, with costs.

*Dismissed.*

A petition for a rehearing was denied April 22, 1916.