# CHICAGO GREAT WESTERN RAILROAD COMPANY *v.* BASHAM, ADMINISTRATOR OF SPELLMAN.

ERROR TO THE SUPREME COURT OF THE STATE OF IOWA.

No. 111. Submitted December 19, 1918.—Decided March 3, 1919.

Under § 237 of the Judicial Code, as amended by the Act of September 6, 1916, § 2, c. 448, 39 Stat. 726, denial by a state court of rights and immunities claimed under the Federal Employers' Liability Act affords no ground for review of its judgment by writ of error, but only by certiorari. P. 165.

The words "or otherwise" in the Act of September 6, 1916 (*ubi supra*), where it grants the discretionary power to review "by writ of certiorari or otherwise," add nothing of substance to the power granted.

Under § 237 of the Judicial Code before and since the amendment of September 6, 1916, a judgment of a state court to be susceptible of review must be final. P. 166.

The Act of September 6, 1916, in providing (§ 7) that the right of review under existing laws in respect of judgments entered before it took effect (October 6, 1916) should remain unaffected for six months thereafter, contemplated final judgments ending the litigation in the state supreme court; and a judgment as to which a petition for rehearing has been presented to and entertained and considered by that court does not become final in that sense until the petition is disposed of. *Id.*

Writ of error to review 178 Iowa, 998, dismissed.

THE case is stated in the opinion.

*Mr. George H. Carr, Mr. Fred P. Carr* and *Mr. O. M. Brockett* for plaintiff in error. *Mr. Donald Evans* was also on the briefs.

*Mr. Thomas A. Cheshire* and *Mr. Howard H. Clark* for defendant in error.

MR. JUSTICE PITNEY delivered the opinion of the court.

This is a writ of error directed to the court of last resort
of a State since the taking effect of the Act of September
6, 1916, c. 448, 39 Stat. 726, by the second section of
which § 237, Judicial Code, was so amended that the
revisory jurisdiction of this court over the decisions of
state courts, exercisable by writ of error, was confined to
cases involving the validity of a treaty or statute of, or
an authority exercised under the United States, the de-
cision being against their validity, or involving the validity
of a statute of, or an authority exercised under a State,
on the ground of repugnancy to the Constitution, treaties,
or laws of the United States, the decision being in favor
of their validity; and by which the final judgment or de-
cree of a state court of last resort based upon a decision
adverse to a right or immunity claimed under the Con-
stitution or a statute of the United States, previously
reviewable by writ of error, was (with other kinds speci-
fied) made reviewable only in case this court, in the exer-
cise of its discretionary authority, should require, "by
writ of certiorari or otherwise," that the judgment be
certified to it for review.  See *Philadelphia & Reading Coal
& Iron Co.* v. *Gilbert*, 245 U. S. 162; *Ireland* v. *Woods*, 246
U. S. 323, 328.  The words "or otherwise" add nothing
of substance to the thought expressed by the new act.
*Huguley Mfg. Co.* v. *Galeton Cotton Mills*, 184 U. S. 290,
295.

In the case before us the questions raised by the record
and assignments of error relate wholly to the alleged
denial by the Supreme Court of Iowa of certain rights and
immunities asserted by plaintiff in error under the Act
of Congress approved April 22, 1908, commonly known
as the Employers' Liability Act (c. 149, 35 Stat. 65; c.
143, 36 Stat. 291).  Hence, under the new system es-
tablished by the Act of 1916, the judgment is in the class

of those that are reviewable in this court not by writ of error but by writ of certiorari.

By § 7 of the latter act it was provided that the right of review under existing laws in respect of judgments entered before the act took effect (October 6, 1916) should remain unaffected for the period of six months thereafter, but at the end of that time should cease. The present writ of error was applied for within the six-months period— December 19, 1916—and the question whether our jurisdiction is properly invoked by this form of writ depends upon whether the judgment sought to be reviewed was "entered before this act takes effect" within the meaning of § 7.

The action was brought against the railway company in a district court to recover damages for the death of plaintiff's intestate, and a trial by jury resulted in a verdict and judgment for the plaintiff. Defendant appealed to the Supreme Court of Iowa, and that court on November 26, 1915, delivered an opinion for affirmance (178 Iowa, 998), and judgment was entered accordingly. A petition for a rehearing was filed, which, after consideration, was overruled April 7, 1916 (157 N. W. Rep. 192; 178 Iowa, 998), and a writ of procedendo was awarded. Thereafter a second petition for rehearing was filed, and, having been fully considered, was overruled on December 18, 1916, and judgment to that effect duly entered. The petition for allowance of a writ of error from this court, presented on the following day to the chief justice of the Supreme Court of Iowa, averred that the final order and judgment affirming the judgment of the district court was entered by the supreme court on the eighteenth day of December, 1916; and for review of this judgment a writ of error was prayed for and allowed.

We think this was a correct statement of the effective date of the judgment sought to be reviewed.

Section 237, Judicial Code, both before and since the

amendment of September 6, 1916, permits of the review by this court only of the final judgment or decree of the highest state court in which a decision in the suit could be had.  It is only a judgment marking the conclusion of the course of litigation in the courts of the State that is subjected to our review.  Hence, whatever its form of finality, if a judgment be in fact subject to reconsideration and review by the state court of last resort through the medium of a petition for rehearing, and such a petition is presented to and entertained and considered by that court, we must take it that by the practice prevailing in the State the litigation is not brought to a conclusion until this petition is disposed of, and until then the judgment previously rendered can not be regarded as a final judgment within the meaning of the act of Congress.  We said recently in an analogous case: "If it were not so, a judgment of a state court susceptible of being reviewed by this court would, notwithstanding that duty, be open at the same time to the power of a state court to review and reverse." *Andrews* v. *Virginian Ry. Co.,* 248 U. S. 272.  It results that in the present case the judgment of the Supreme Court of Iowa did not become a "final judgment" until December 18, 1916, and by reason of the nature of the only federal questions raised in the record it then was reviewable in this court only by writ of certiorari, because of the above-cited provisions of the Act of 1916.

*Writ of error dismissed.*