### TRANS-ATLANTIC TRUST CO. v. PAGENSTECHER.

(Court of Appeals of District of Columbia. Submitted December 14, 1922. Decided March 5, 1923. Rehearing denied March 23, 1923.)

No. 3835.

1. Appeal and error ☞70(1)—Courts ☞445—Order overruling motion to quash service is not appealable; appellate jurisdiction of Court of Appeals of District of Columbia not affected by Trading with the Enemy Act.

An order overruling a motion to quash constructive service on a nonresident defendant is merely an interlocutory order, not embraced within the general right of appeal conferred by statute, involving no change of possession of property within Code, § 226, and is not made appealable because the suit is brought under the Trading with the Enemy Act, as amended, which does not modify the appellate jurisdiction.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**2. Appeal and error ⬥23—Court will take judicial cognizance of matters affecting jurisdiction.**

> The District Court of Appeals will take judicial cognizance of matters affecting its appellate jurisdiction, though the point is not raised by counsel.

Appeal from the Supreme Court of the District of Columbia.

Suit by Rudolph Pagenstecher, as a stockholder of the Trans-Atlantic Trust Company, against the Trans-Atlantic Trust Company and others. From an order overruling the motion of the named defendant to quash constructive service on it, that defendant appeals. Appeal dismissed.

Sidney F. Taliaferro, of Washington, D. C., for appellant.

John Wilson Brown, 3d, of Washington, D. C., for appellees.

Before VAN ORSDEL, Associate Justice, and MARTIN and SMITH, Judges of the United States Court of Customs Appeals.

VAN ORSDEL, Associate Justice. Appellant, a New York corporation, was sued in the Supreme Court of the District of Columbia in connection with Thomas W. Miller, Alien Property Custodian, and Frank White, Treasurer of the United States, in a matter arising under the Trading with the Enemy Act, as amended. 41 Stat. 977.

A summons was served upon appellant corporation by the marshal for the Southern district of New York and duly returned. Appellant appeared specially and moved the court to quash the constructive service thus obtained. The court overruled the motion, with leave to defendant to answer within 10 days. From the order this appeal was taken.

[1, 2] A question of appellate jurisdiction arises. This is merely an interlocutory order, not embraced within the general right of appeal conferred by statute. The order involves no change of possession of property (D. C. Code, § 226); hence this court is without jurisdiction to review the order appealed from. Nor is there anything in the Trading with the Enemy Act which, in any respect, modifies or changes the appellate jurisdiction of this court. While this point is not raised by counsel, the court will taken judicial cognizance of matters affecting its appellate jurisdiction.

The appeal is dismissed, with costs.

---

⬥For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes