## MONTGOMERY WARD & CO. v. BANQUE BELGE POUR L'ETRANGER.

(Circuit Court of Appeals, Ninth Circuit. April 21, 1924. Rehearing Denied May 26, 1924.)

### No. 4153.

1. **Appeal and error** ⊗⟹345(1, 2)—**Time allowed for writ of error or appeal does not begin to run until motion for new trial or petition for rehearing disposed of.**

    If motion for new trial or petition for rehearing is presented in season and entertained by court, time allowed for writ of error or appeal does not begin to run until motion or petition is disposed of.

2. **Principal and agent** ⊗⟹100(4)—**Agent cannot pledge principal's property to secure personal loan to himself.**

    Agent cannot pledge principal's property to secure personal loan to himself.

3. **Corporations** ⊗⟹425(6)—**Cannot question agent's transfer of property belonging to another as collateral for personal loan.**

    Where manager of corporation's Shanghai business transferred property belonging to another corporation as collateral security for personal loan, principal could not question transaction, notwithstanding order for transfer was signed in its name by agent as manager; principal's name being merely surplusage.

4. **Principal and agent** ⊗⟹100(4)—**That agent obtained principal's property by fraud held not to affect rights of bank taking it as collateral for loan.**

    That agent obtained property of principal through fraud *held* not to affect rights of bank, which took it as collateral security for personal loan to agent for valuable consideration, in good faith, and without notice.

In Error to the United States Court for China; Charles S. Lobingier, Judge.

Action by the Banque Belge Pour L'etranger against Montgomery Ward & Co. Judgment for plaintiff, and defendant brings error. Affirmed.

On May 9, 1921, one Tillson borrowed from the defendant in error 10,000 taels, and as collateral security for the loan gave a written order, stating that certain described goods stored in a godown or warehouse, for the account of the United States Import & Export Company, were transferred to the order of the defendant in error, deliverable only upon receipt of a proper order from the defendant in error. At the time of the loan, Tillson was manager for the plaintiff in error at Shanghai, China, but the loan was his personal loan. The order transferring the goods as collateral was signed, "Mont-

gomery Ward & Co., by Tillson, Manager." The loan was never paid, and the present action was instituted by the bank to recover the value of the goods thus pledged, and for such other relief as might be equitable and proper.

The court below found in favor of the defendant in error and gave judgment for 8,900 taels and costs. Final judgment was entered on December 2, 1922. March 9, 1923, notice of appeal was given and supersedeas bond filed. March 14, 1923, the defendant in error moved the court to disapprove the supersedeas bond, because not filed within 60 days, as required by law. March 15, 1923, the defendant in error moved for execution on the judgment. March 16, 1923, the plaintiff in error moved to withdraw the notice of appeal, and on the same day filed notice of motion for a new trial. May 31, 1923, the motion for new trial was denied. July 9, 1923, petition for writ of error was filed in the court below. July 23, writ of error allowed, citation issued, and served. September 29, 1923, motion to extend the time for filing the transcript in this court denied by the trial court. October 24, 1923, alias writ of error issued, and citation on alias writ issued and served. October 23, 1923, writ of error allowed by this court, and bond fixed in the sum of $500. On the foregoing record, the defendant in error has moved this court to dismiss the writ of error, because not sued out within the time required by law.

Morrison, Dunne & Brobeck and H. A. Judy, all of San Francisco, Cal., Williams, Franklin & Faison, of Shanghai, China, and Winston, Strawn & Shaw, of Chicago, Ill., for plaintiff in error.

Warren Gregory, Allen L. Chickering, Evan Williams, and Donald Y. Lamont, all of San Francisco, Cal., and Schuhl & Schoenfeld, of Shanghai, China, for defendant in error.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

RUDKIN, Circuit Judge (after stating the facts as above). [1] From the foregoing statement it is apparent that the motion to dismiss is well taken, unless the time for suing out a writ of error was suspended by the filing and the pendency of the motion for a new trial. If a motion for a new trial, or petition for a rehearing, is made or presented in season, and entertained by the court, the time allowed for writ of error or appeal does not begin to run until the motion or petition is disposed of. Until then, the judgment or decree does not take final effect for the purposes of the writ of error or appeal. Kingman v. Western Manufacturing Co., 170 U. S. 675, 18 Sup. Ct. 786, 42 L. Ed. 1192. The motion for a new trial, in this case, was not filed until upwards of 3½ months after final judgment. The plaintiff in error contends, however, that this was in season and timely. The contention is based on certain rules applicable to the United States consular courts for China, authorizing the granting of a new trial for certain causes within one year after final judgment, and on section 4 of the Act Creating the United States Court for China, which provides as follows:

"The jurisdiction of said United States court, both original and on appeal, in civil and criminal matters, and also the jurisdiction of the consular courts in China, shall in all cases be exercised in conformity with said treaties and the laws of the United States now in force in reference to the American consular courts in China, and all judgments and decisions of said consular courts, and all decisions, judgments, and decrees of said United States court, shall be enforced in accordance with said treaties and laws. But in all such cases when such laws are deficient in the provisions necessary to give jurisdiction or to furnish suitable remedies, the common law and the law as established by the decisions of the courts of the United States shall be applied by

said court in its decisions and shall govern the same subject to the terms of any treaties between the United States and China." 34 Stat. 815 (Comp. St. § 7690).

The court below found:

"The motion for a new trial was evidently an afterthought, never contemplated until discovery that the time for a supersedeas had expired, and resorted to on the theory that a new appellate proceeding could be predicated upon the denial of such motion, and a supersedeas obtained within 60 days from such denial."

It is questionable, at least, whether such a motion, filed for such a purpose, would suspend the time for suing out a writ of error. If the contention is sound, a litigant in the court below may file a motion for a new trial at any time before the expiration of a year from final judgment, or six months after the expiration of the time allowed by law for suing out a writ of error from this court. But the question is no longer of importance, since the court below has now by rule prescribed the time within which a motion for a new trial must be filed. We deem it therefore unnecessary to pass definitely on the motion to dismiss, as the same result will be accomplished through an affirmance of the judgment.

[2, 3] The principal contention of the plaintiff in error is that Tillson made a pledge of the property of his principal to secure a personal loan to himself. That this could not be done, of course, is elementary. The difficulty with the contention is that it is not supported by the evidence. The court below found that the goods in question were the property of the United States Import & Export Company, not the property of the plaintiff in error, and this finding is supported by the testimony. If the goods were, in fact, the property of the United States Import & Export Company, the authority of Tillson to transfer them as collateral security for a loan to himself is not and cannot be questioned; and if the property belonged to the United States Import & Export Company, the transfer by Tillson was a valid one, and the use of the name of the plaintiff in error in connection with the transfer may be rejected as surplusage.

[4] The goods may have been obtained by Tillson from his principal through fraud, as claimed, but that could not affect the rights of an innocent party who took a transfer of the goods as collateral security, for a valuable consideration, in good faith and without notice of the fraud.

The judgment of the court below is affirmed.