**SOUTHLAND INDUSTRIES, Inc., v. FEDERAL COMMUNICATIONS COMMISSION.**

No. 7018.

United States Court of Appeals for the District of Columbia.

Decided June 15, 1938.

118

Donald C. Beelar, Percy H. Russell, Jr., and Louis G. Caldwell, all of Washington, D. C., for appellant.

Hampson Gary, George B. Porter, William H. Bauer, Fanney Neyman, and Frank U. Fletcher, all of Washington, D. C., for appellee.

Before GRONER, Chief Justice, and STEPHENS and MILLER, Associate Justices.

MILLER, Associate Justice.

This is an appeal under Section 402(b) of the Communications Act[1] from the decision of the Federal Communications Commission granting the application of Hunt Broadcasting Association, for a construction permit for a radio broadcast station at Greenville, Texas. Appellant is the licensee of Station WOAI operating at San Antonio, Texas. It claims to be aggrieved and adversely affected by the decision because its service in the Greenville area will be subjected to objectionable interference. It petitioned for leave to intervene in the hearing before the Commission on the Hunt application; was permitted to do so under the Commission's Rule 105.20; was represented at the hearing and participated therein.

The Commission's decision was filed on May 18, 1937, effective July 13, 1937. On July 20, 1937, and within the twenty-day period provided by Section 405 of the Communications Act (48 Stat. 1095, 47 U.S.C.A. § 405 (Supp.1937), appellant filed a petition for rehearing. On August 2, 1937, before the Commission had acted upon its petition, it appealed to this court as provided by Section 402(c) of the Act.[2] On August 18, 1937, the Commission dismissed the petition.

The presence in the record of the facts set out in the preceding paragraph challenges the jurisdiction of this court. While no motion to dismiss the appeal has been made, the court must consider the question and if it has no jurisdiction must dismiss the appeal sua sponte.[3]

It is a well recognized principle that an appeal cannot be taken from an interlocutory order (Metzger v. Kelly, 34 App. D.C. 548), or from a judgment or decree not final as to all the parties, the whole subject-matter and all the causes of action involved, " * * * and that if the judgment or decree be not thus final and complete, the writ of error or appeal must be dismissed for want of jurisdiction." Arnold v. United States for Use of Guimarin & Co., 263 U.S. 427, 434, 44 S.Ct. 144, 147, 68 L.Ed. 371. It is equally well settled that the courts cannot be resorted to for the adjudication of an administrative question the determination of which has not been completed by a commission having jurisdiction of it for that purpose. Northern Pacific Ry. Co. v. Solum, 247 U.S. 477, 38 S.Ct. 550, 62 L.Ed. 1221.

In United States ex rel. Dascomb v. Board of Tax Appeals, 56 App.D.C. 392, 394, 16 F.2d 337, 339, we said: "It is familiar law that a decision is not final, within the meaning of the statute providing for an appeal, until disposition of an application for rehearing or reconsidera-

[1] Act of June 19, 1934, c. 652, 48 Stat. 1064, 1093, 47 U.S.C.A. § 402(b) (Supp. 1937).

[2] "Such appeal shall be taken by filing with said court within twenty days after the decision complained of is effective, notice in writing of said appeal and a statement of the reasons therefor, * *." 47 U.S.C.A. § 402(c).

[3] Mansfield, Coldwater & Lake Michigan Ry. Co. v. Swan, 111 U.S. 379, 382, 4 S.Ct. 510, 28 L.Ed. 462; Collins v. Miller, 252 U.S. 364, 40 S.Ct. 347, 64 L. Ed. 616; Palmer v. State of Ohio, 248 U.S. 32, 39 S.Ct. 16, 63 L.Ed. 108; Minnesota v. Northern Securities Co., 194 U.S. 48, 62–63, 24 S.Ct. 598, 48 L.Ed. 870; Chicago, Burlington & Quincy Ry. Co. v. Willard, 220 U.S. 413, 419–421, 31 S.Ct. 460, 55 L.Ed. 521; Fore River Shipbuilding Co. v. Hagg, 219 U.S. 175, 177, 31 S.Ct. 185, 55 L. Ed. 163; Trans-Atlantic Trust Co. v. Pagenstecher, 53 App.D.C. 42, 287 F. 1019; Metzger v. Kelly, 34 App.D.C. 548.

tion seasonably made and entertained." The same rule has been many times stated and applied by the Supreme Court and other Federal courts.[4] Accordingly in Aspen Mining & Smelting Co. v. Billings, 150 U.S. 31, 36, 14 S.Ct. 4, 6, 37 L.Ed. 986, the Court said:

"The rule is that if a motion or a petition for rehearing is made or presented in season and entertained by the court, the time limited for a writ of error or appeal does not begin to run until the motion or petition is disposed of. *Until then the judgment or decree does not take final effect for the purposes of the writ of error or appeal.* Brockett v. Brockett, 2 How. 238, 249 [11 L.Ed. 251]; Texas & Pacific Railway v. Murphy, 111 U.S. 488, 4 S.Ct. 497 [28 L.Ed. 492]; Memphis v. Brown, 94 U.S. 715 [24 L.Ed. 244]." [Italics supplied.]

Appellant relies upon Luckenbach Steamship Co. v. United States, 272 U.S. 533, 47 S.Ct. 186, 71 L.Ed. 394, to support its contention that this court may obtain jurisdiction notwithstanding the pendency of the motion for rehearing before the Commission. That case involved an appeal from the Court of Claims. 59 Ct.Cl. 628. Appeals from that court were governed by rules peculiar to it, and the language of the Supreme Court in its decision is necessarily limited in its effect accordingly. Section 243 of the Judicial Code, 36 Stat. 1157, provided that all appeals from the Court of Claims should be taken "under such regulations as the Supreme Court may direct." See Morse v. United States, 270 U.S. 151, 153, 46 S.Ct. 241, 242, 70 L.Ed. 518. The rule adopted pursuant thereto provided that: "In all cases an order of allowance of appeal * * * is essential, and the limitation of time for granting such appeal shall cease to run from the time an application is made for the al-

lowance of appeal." It appeared, in the Luckenbach Case, supra, at page 535, 47 S. Ct. at page 186, that while a motion for a new trial was pending the claimant filed with the clerk "an application for an appeal from the judgment. Thereafter the motion for a new trial * * * was denied, and the application for an appeal was then brought to the court's attention and allowed." The Court said of the application: "Evidently it was intended to be pressed only if and when the motion for a new trial and amended findings was denied. *The court so regarded it, and therefore gave effect to it after disposing of the pending motion.*" [Italics supplied.] Under the practice of that court, therefore, the application for allowance of appeal was considered by the court after the motion for new trial was denied; its order of allowance of appeal was made thereafter; and when the matter first came to the attention of the Supreme Court, there was no pending motion for new trial in the lower court. The effect of the decision, therefore, is merely that where an application for allowance of appeal is prematurely filed, it may properly be considered by the Court, under the rule, as having been filed after the motion for new trial has been disposed of. Properly understood, therefore, the decision is not in conflict with the general rule stated above. Similarly, in the case of Sauri v. Sauri, 1 Cir., 45 F.2d 90—also relied on by appellant— the decision interpreted a rule of practice governing appeals from the Supreme Court of Puerto Rico, and held that allowance of a "petition for appeal" after the overruling of a "motion for reconsideration" cured premature filing of the petition. No such special rules are involved in the present case and there is nothing to take the case out of the general rule long ago established by the Supreme Court and followed in all the Federal courts thereafter.[5]

---

4 See Southern Pacific Co. v. United States, 270 U.S. 103, 46 S.Ct. 242, 70 L. Ed. 489; Chicago, Great Western R. Co. v. Basham, 249 U.S. 164, 39 S.Ct. 213, 63 L.Ed. 534; Citizens' Bank of Michigan City v. Opperman, 249 U.S. 448, 39 S.Ct. 330, 63 L.Ed. 701; Northern Pacific R. Co. v. Holmes, 155 U.S. 137, 15 S.Ct. 28, 39 L.Ed. 99; Northern Pacific R. Co. v. O'Brien, 155 U.S. 141, 15 S.Ct. 30, 39 L.Ed. 100; Title Guaranty & Surety Co. v. United States to Use of General Electric Co., 222 U. S. 401, 32 S.Ct. 168, 56 L.Ed. 248;

Kingman & Co. v. Western Mfg. Co., 170 U.S. 675, 679, 18 S.Ct. 786, 42 L.Ed. 1192; Memphis v. Brown, 94 U.S. 715, 24 L.Ed. 244; Brockett v. Brockett, 2 How. 238, 11 L.Ed. 251; Payne v. Garth, 8 Cir., 285 F. 301; Klein v. Southern Pacific Co., C.C.Or., 140 F. 213; Doyle v. District of Columbia, 45 App.D.C. 90; Clarke v. Eureka County Bank, C.C.Nev., 131 F. 145; Montgomery Ward & Co. v. Banque Belge Pour L'etranger, 9 Cir., 298 F. 446.

5 See cases cited in note 4, supra.

Appellant urges for our consideration the fact that the Commission has at different times taken different positions regarding the effect of filing a petition for rehearing and that this court has not decided the question when presented to it on former appeals. However, in Saginaw Broadcasting Co. v. Federal Communications Comm., 68 App.D.C. 282, 96 F.2d 554, we stated the applicable rule of interpretation of Section 405 as follows (page 558):

"The Communications Act differs substantially from the Revenue Act involved in the cases hitherto cited only in the provision of Section 405 that 'No such application [for rehearing] shall excuse any person from complying with or obeying any decision, order, or requirement of the Commission, or operate in any manner to stay or postpone the enforcement thereof, without the special order of the Commission.' We think that the legislative history of this section of the Communications Act indicates that its inclusion ought not require a different result. The provisions of Section 405 as a whole are substantially those of Section 16a of the Interstate Commerce Act [34 Stat. 592, 49 U.S.C. § 16a (1934), 49 U.S.C.A. § 16a], and the provision above quoted was adopted almost verbatim. The Interstate Commerce Act makes no provision for direct appellate review of orders by the Interstate Commerce Commission. Hence the language of Section 16a could not, as used in that statute, have been intended to defeat the general rule that a petition for rehearing will suspend the running of the appeal period. We do not think that Congress intended to enlarge the meaning of this language when it was used in the Communications Act.

"Accordingly, we hold that the filing of a petition for rehearing suspends the running of the appeal period, and that an applicant has 20 days from the date of final action on the petition for rehearing within which to file his notice and reasons for appeal. The motion to dismiss the appeal herein is therefore denied."

And we also said in that case:

"It is doubtful, moreover, whether this court would have jurisdiction to entertain an appeal while such a petition was pending before the Commission. Cf. Voorhees v. Noye Manufacturing Co., 1894, 151 U. S. 135, 14 S.Ct. 295, 38 L.Ed. 101; Vincent v. Vincent, 1884, 3 Mackey 320, 14 D.C. 320; Brown v. Evans, 18 F. 56, C.C.D.Nev., 1883."

It follows that the same reason which prevents the running of the time for taking the appeal, prevents this court from acquiring jurisdiction; i. e., because jurisdiction continues in the Commission to modify, reverse, or affirm its decision. Upon the filing of its appeal in this court —its petition for rehearing being then undisposed of—appellant occupied the anomalous position of asking the Commission for administrative relief, and at the same time asking the court for judicial relief from the anticipated decision of the Commission. See Vincent v. Vincent, 3 Mackey 320, 322, 14 D.C. 320, 322; Chicago Great Western R. Co. v. Basham, 249 U. S. 164, 167, 39 S.Ct. 213, 63 L.Ed. 534; Doyle v. District of Columbia, 45 App.D. C. 90; Burnet v. Lexington Ice & Coal Co., 4 Cir., 62 F.2d 906. "Two courts cannot have jurisdiction in the same case at the same time." Lasier v. Lasier, 47 App. D.C. 80, 83. See Andrews v. Virginian Ry. Co., 248 U.S. 272, 39 S.Ct. 101, 63 L. Ed. 236. As appellant elected to petition for a rehearing, the Commission retained jurisdiction; and as it failed to act on the petition its decision has never become a final one from which an appeal could be taken. See Voorhees v. Noye Mfg. Co., 151 U.S. 135, 14 S.Ct. 295, 38 L.Ed. 101; Kingman & Co. v. Western Mfg. Co., 170 U.S. 675, 18 S.Ct. 786, 42 L.Ed. 1192; Northern Pacific R. Co. v. Holmes, 155 U. S. 137, 138, 15 S.Ct. 28, 39 L.Ed. 99; Harrison v. Magoon, 205 U.S. 501, 27 S.Ct. 577, 51 L.Ed. 900. Consequently, this court is without jurisdiction.

As the petition was dismissed in the present case—although not until sixteen days after the appeal was taken—it might be argued that it was not entertained by the Commission, and, consequently, did not constitute a bar to an appeal.[6] A similar contention was made in Payne v. Garth, 8 Cir., 285 F. 301, and it was there further contended that it must appear that the

---

[6] The use of the words "entertained by the court" resulted from the interpretation of rules which made the filing of petitions for rehearing subject to permission or leave of the court. See Morse v. United States, 270 U.S. 151, 154, 46 S.Ct. 241, 70 L.Ed. 518. (Ct. of Cl. Rule 90); Equity Rule 69, 28 U.S.C.A. following section 723. In such cases applications for leave to file are not sufficient to suspend the

court "affirmatively recognizes the motion during the trial term by some action indicating willingness to consider it." (page 303.) The answer of the court in the Payne Case is equally applicable in the present case. The court said: "The argument is plausible and would be readily convincing if it were not for the statute above quoted. This statute unquestionably gives a right, in jury cases, to the consideration and determination of a motion for new trial. Necessarily, this right includes the filing of the motion. When the motion is filed, the litigant can do nothing more except to present it when the court is pleased to hear it. The litigant has no control over the action of the court toward the motion. He cannot compel the court to act affirmatively concerning it or to recognize it during the judgment term. Can he, then, be denied all benefit of the right given by Congress because the court fails or refuses to take such action? Can a court thus annul a valid statute affecting vitally the rights of litigants? Yet, if defendants in error be right in their argument and contention, this result may follow and would do so in this case." 285 F. 301, at page 304. In the present case, also, the petition for rehearing is a matter of right, as distinguished from a matter of grace. Leave to file is not required under Section 405 of the Communications Act.[7] Consequently—as was conceded by all parties on oral argument—the question whether the Commission has entertained the petition does not arise, the Commission being without power to refuse to entertain it. See Larkin Packer Co. v. Hinderliter Tool Co., 10 Cir., 60 F.2d 491, 493; Kingman & Co. v. Western Mfg. Co., supra, at page 678, 18 S.Ct. 786.

Appellant seeks further to support its position by urging that at the time the record on appeal was filed in this court, the petition for rehearing was not then pending. However, it was the fact that the petition was pending when the appeal was taken which prevented this court from acquiring jurisdiction. Moreover, as we have already indicated, the action of the Commission in dismissing the petition was improper, as leave to file it was not necessary under the Act and the Commission was not divested of jurisdiction by the filing of the appeal in this court. Consequently, the Commission's order was improvidently made (Ex parte Roberts, 15 Wall. 384, 21 L.Ed. 131); the petition must be regarded as pending at the time of filing the record; and, in fact, as pending at all times thereafter, until properly acted upon by the Commission. Larkin Packer Co. v. Hinderliter Tool Co., supra.

Finally, even if this court did have jurisdiction over the appeal, a situation would be presented calling for the exercise of judicial discretion to determine whether relief should be denied at this stage of the proceedings, until all possible administrative remedies had been exhausted;[8] and in our opinion the appeal should be dismissed for that reason in any event. We have heretofore suggested that rehearings should be availed of by aggrieved persons[9] both for their own protection,[10] and in order to afford opportunity to the Commission to correct errors or to hear newly discovered evidence before appeal.[11] This is not and should not be an arbitrary requirement. Whether a petition for rehearing should be filed in a particular case must be decided on the merits as each case arises. However, in our view, its use as an administrative remedy should not be discouraged, but instead should be encouraged—"not to supplant, but to supplement" appellate review.[12] For that reason, in our

running of the time for appeal, and by the same token should not prevent the judgment or decree from becoming final for purposes of appeal. Morse v. United States, supra; Wayne United Gas Co. v. Owens-Illinois Glass Co., 300 U.S. 131, 137, 57 S.Ct. 382, 81 L.Ed. 557.

[7] "After a decision, order, or requirement has been made by the Commission in any proceeding, any party thereto may at any time make application for rehearing of the same, or any matter determined therein, * * * Provided, * * * under Title III * * * the time within which application for rehearing may be made shall be limited to twenty days after the effective date thereof, * *." 47 U.S.C.A. § 405.

[8] United States v. Abilene & So. Ry. Co., 265 U.S. 274, 282, 44 S.Ct. 565, 68 L.Ed. 1016.

[9] Eastland Co. v. Federal Communications Comm., 67 App.D.C. 316, 319, 92 F.2d 467, 470.

[10] Red River Broadcasting Co. v. Federal Communications Comm., 69 App.D.C. 3, 98 F.2d 282.

[11] Saginaw Broadcasting Co. v. Federal Communications Comm., 68 App.D.C. 282, 96 F.2d 554.

[12] Saginaw Broadcasting Co. v. Federal Communications Comm., supra, note 11:

opinion, the purpose of the law is defeated if the Commission declines to act upon such petitions when they are filed, or dismisses them without consideration, as was done in the present case. Its action, therefore, was arbitrary and capricious and constituted an improvident exercise of power. Until the Commission has considered and acted upon such a petition, the administrative remedy of the aggrieved person cannot properly be said to have been exhausted, and resort to this court in such cases is, therefore, premature.

The appeal, therefore, must be dismissed, and the Commission directed to proceed in accordance with this decision.

Appeal dismissed.

"And if the statute here be construed so that a petition for rehearing does not suspend the running of the statutory period for appeal, the administrative benefit to the Commission of such petitions may well be destroyed."