BETHESDA–CHEVY CHASE BROAD-
CASTERS, INCORPORATED,
Petitioner,

v.

FEDERAL COMMUNICATIONS COM-
MISSION and United States of
America, Respondents,
Atlantic Broadcasting Company,
Intervenor.

No. 20720.

United States Court of Appeals
District of Columbia Circuit.

Argued Sept. 14, 1967.
Decided Sept. 28, 1967.

Mr. Donald E. Ward, Washington, D. C., for petitioner.

Mr. Joseph A. Marino, Counsel, F. C. C., with whom Asst. Atty. Gen. Donald F. Turner and Messrs. Henry Geller, Gen. Counsel, and John H. Conlin, Associate Gen. Counsel, F. C. C., and Howard E. Shapiro, Atty., Dept. of Justice, were on the brief, for respondents. Mrs. Lenore G. Ehrig, Counsel, F. C. C., also entered an appearance for respondents.

Mr. Seymour M. Chase, Washington, D. C., for intervenor.

Before WRIGHT, TAMM and LEVENTHAL, Circuit Judges.

PER CURIAM:

Atlantic Broadcasting Company owns and operates AM Radio Station WUST, licensed to Bethesda, Maryland, on 1120 kilocycles. In June 1963 Atlantic filed a routine renewal application with the Federal Communications Commission and, in August 1964, petitioner Bethesda-Chevy Chase Broadcasters, Inc. applied for a construction permit to operate on the same frequency. Since the two applications were mutually exclusive, public notice was given of the cut-off date, De-

cember 18, 1964, set for filing additional applications. Also pending before the Commission, but not accepted for filing pending the conclusion of the Commission's clear channel proceedings, were two applications filed previously by Atlantic, one tendered in 1960 to increase its power from 250 watts to five kilowatts and one tendered with its renewal application in 1963 to change WUST's city designation from Bethesda, Maryland, to Washington, D. C.

No new applications were filed prior to the cut-off date, nor was any action taken on Atlantic's two modification applications. Subsequently, Atlantic amended its Washington application to increase its power to one kilowatt. The Commission then denied the Washington application because of its potential interference with clear channels, but at the same time, ruled that Atlantic's application to increase its power in Bethesda was acceptable. At this time petitioner's application and Atlantic's applications for renewal and for increase of power to five kilowatts were designated for comparative hearing.

When the Commission became aware that the contours of one kilowatt service from Washington would fall wholly within five kilowatt service from Bethesda and would therefore in fact cause less interference than the previously accepted five-kilowatt proposal, the Commission reversed its earlier decision and invited Atlantic to amend its renewal application with a change in city designation and an increase of power to one kilowatt. The Commission found that there was good cause to waive its procedural rules with respect to post-designation amendments, Section 1.522(b), 47 C.F.R. § 1.522(b) (Supp.1967), and consolidation of applications for hearings, Section 1.571(j) (1) and (c), 47 C.F.R. § 1.571(j) (1) and (c) (Supp.1967). Petitioner objected to the Commission's order, claiming it effective-

ly denied petitioner's substantive right to a comparative hearing. This order, and the Commission's denial of the request for reconsideration, provide the basis for this petition.

■ Congress has conferred on this court jurisdiction to review only final orders of the Federal Communications Commission. 28 U.S.C. § 2342 (1965–66); Southland Industries v. Federal Communications Com'n, 69 App.D.C. 82, 99 F.2d 117 (1938). Final orders are not limited to the last order issued in a proceeding, but to be final an order must "impose an obligation, deny a right or fix some legal relationship as a consummation of the administrative process." Chicago & Southern Air Lines v. Waterman Steamship Corp., 333 U.S. 103, 113, 68 S.Ct. 431, 437, 92 L.Ed. 568 (1948). *See also* Columbia Broadcasting System v. United States, 316 U.S. 407, 62 S.Ct. 1194, 86 L.Ed. 1563 (1942); Isbrandtsen Co. v. United States, 93 U.S.App.D.C. 293, 211 F.2d 51, *cert. denied, sub nom.* Japan-Atlantic & Gulf Conference v. United States, 347 U.S. 990, 74 S.Ct. 852, 98 L. Ed. 1124 (1954). *Compare* Delta Air Lines v. Civil Aeronautics Board, 97 U.S. App.D.C. 46, 228 F.2d 17 (1955). The order in question here, the Commission's invitation to Atlantic to amend its application for hearing, does not impose an obligation, deny a right, or fix a legal obligation.

■ The consolidated hearing on the merits of the mutually exclusive applications of petitioner and Atlantic has not yet been held. If petitioner should ultimately prevail on the merits, the alleged error in allowing Atlantic to amend its application would not be prejudicial. If petitioner should not prevail, the decision today would not preclude a review of the Commission's action at such time as the court is presented with a final order.

Dismissed.